JOSIAH S. EASTMAN *vs.* GEORGE W. SYMONDS.

Pending an action by E. against S. on a promissory note made by S. payable to the order of H. and indorsed by H. to E., a bill in equity was filed by H. against E. to redeem certain property from mortgages, and referred to a master to report what sum, if any, was due upon them. He reported, among other things, that this note was made by S. for the accommodation of H. and pledged by H. to E.; that in a settlement between H. and E., relating to one of the mortgages, E. agreed to give back the note, but had not done so; and that if E. should collect the note nothing would be due on the mortgages, but if he should give the note back there would be due a certain sum. Upon the filing of the report, E. moved to strike out of it all that pertained to the note, and the motion was overruled; but a final decree was made for the redemption of the property on payment of the sum reported due upon the mortgages, disregarding the alternative of the surrender of the note. *Held,* that the proceedings and decree in equity were no bar to the action on the note.

CONTRACT on two promissory notes made by the defendant payable to the order of Mrs. Harriet M. Hart, indorsed by her to the plaintiff, and overdue at the date of the writ, November 28, 1868.

At the trial in the superior court, before *Pitman*, J., without a jury, the making of the notes by the plaintiff was proved, and it was admitted " that they were indorsed by Mrs. Hart to the plaintiff and discounted by him for her before their maturity."

The defendant put in evidence the record and papers of a suit in equity brought in this court by Mrs. Hart against this plaintiff, pending the present action, to redeem certain furniture from three mortgages made by her to him, " if the same were not already paid ; " and the following proceedings appeared thereby : The suit was referred to a master to report " what sum, if any, was due on the mortgages." After hearing the parties, he reported, among other things, that Symonds made the notes now in question, for the accommodation of Mrs. Hart, who pledged them to Eastman ; that a settlement relating to the first mortgage took place between Mrs. Hart and Eastman on June 30, 1868, in which she made a payment to him, and he agreed to discharge that mortgage and give her back these notes ; that he never did give back the notes ; that it was " conceded that the notes were good ; " that, " if the notes were collected of Symonds, there would be nothing due on the second and third mortgages, but on the contrary a balance due to Mrs. Hart ; " but that, " if the notes were surrendered as agreed, there was due on those mortgages " a certain sum. Upon the filing of this report, Eastman moved to strike out of it whatever pertained to the notes, and the motion was refused, the report accepted, and a final decree ordered thereon. Mrs. Hart's counsel submitted a draft for a decree, " inserting therein that she be allowed to redeem the property from the second and third mortgages, and that Eastman surrender the notes to her." But the decree was entered only that she be allowed to redeem it from those mortgages upon payment of the sums found by the master to be due thereon.

After the introduction of this record evidence, a witness testified for the defendant " that the notes were litigated before the master in the suit in equity ; " and the plaintiff testified to the contrary. The judge thereupon " found as a fact that the notes were litigated before the master ; " ruled " that the decree and proceedings in the suit in equity were a bar to the plaintiff's right

to recover in this action ; " and ordered judgment for the defend-ant. The plaintiff alleged exceptions.

*N. C. Berry,* for the plaintiff.

*J. W. Hubbard,* for the defendant.

COLT, J. The judgment and proceedings in the equity suit are no bar to this action. The suit was brought by Mrs. Hart, the payee and indorser of the notes upon which this action is brought, for the sole purpose of redeeming certain mortgages held by the present plaintiff upon her furniture. It was referred to a master, to report what sum was due, upon whose report a decree for redemption on payment of the sum found due was entered in the usual form.

The question before the master was of the amount then due on the plaintiff's mortgages. In ascertaining that, it was not necessary for him to determine what the future relations of the parties might be as to these other uncollected securities, which do not even appear to have been given as collateral to the mortgages; or to say in advance how the money, when collected on them, should be applied. It was sufficient for the now plaintiff (defendant in that suit) to come prepared to show the amount then due on his mortgages. He was not required to meet anything else, or to establish his title to other notes. The finding of the master, therefore, that the notes here in suit, signed by the defendant for the accommodation of Mrs. Hart, and pledged by her to the plaintiff, were agreed to be surrendered, was a finding not required under the order of reference to him, not in issue between the parties, not material to their rights, and treated by the court as a nullity in drawing up the final decree, for the reason that the decree must conform to the frame of the bill and the relief prayed for.

It is not necessary to cite many authorities to the familiar doc-trine that a judgment is conclusive, by way of estoppel, only as to those facts which were necessarily within the issue presented, and without proof of which the judgment could not have been rendered. Facts in controversy, bearing such relation to the judgment rendered, are the only ones which can in any legal sense be said to have been " litigated " in any judicial proceeding.

*Sawyer* v. *Woodbury*, 7 Gray, 499, 502. *Burlen* v. *Shannon*, 99 Mass. 200, 202. 1 Greenl. Ev. § 528.

*Exceptions sustained.*