CHARLES H. MORSE & another *vs.* GEORGE H. ELMS & another.

Suffolk. Nov. 18, 1880. — April 8, 1881. LORD, SOULE & FIELD, JJ., absent.

The declaration in an action of tort brought by A. against B. and C. alleged that the plaintiff employed C. to buy goods for him; and that C. without authority sold the goods to B., and the same were wrongfully converted by the defendants to their own use. B.'s answer alleged that he bought the goods in good faith from C., who was authorized to sell them; and that the goods in question were seized by A., against whom he brought an action for the conversion of the goods, and recovered judgment. The answer of A. in the action brought against him by B. averred that the goods were purchased with his own money; that B. never had any title to them, and paid no money for them in good faith, but conspired with C. to defraud A. It appeared that the action of B. against A. was tried on these issues, and that a judgment was rendered for B. *Held,* that the judgment was a bar to the action by A. against B. and C., so far as B. was concerned.

COLT, J. The several counts in the plaintiffs' declaration allege, in substance, that in the autumn of 1877 they employed Thayer, one of the defendants, and furnished him with money to buy goods in Canada, to be sent to them in Boston; and that Thayer, without authority, sold the goods so purchased to Elms, the other defendant, in Canada, and the same were there wrongfully converted by both the defendants to their own use.

In his answer, Elms alleges that he bought the goods in question in good faith, and paid the full value of them to Thayer, who was fully authorized to sell; and that, upon the goods being seized by the plaintiffs on their arrival in Boston, he brought an action of tort against them, and recovered judgment for the value of the property at the time of the alleged conversion.

It appeared at the trial, that the present plaintiffs, Morse and Smith, in their answer to the action brought by Elms, alleged that the goods in question were purchased with their own money; that Elms never had any title to them, nor paid any money for them in good faith to any one, but conspired with Thayer to defraud the defendants out of the property. And it is admitted that the action brought by Elms was tried upon the issues raised by this answer. A judgment was recovered in

that action on a verdict in favor of Elms, which was paid by Morse and Smith, and this action was then brought against both Elms and Thayer. The question presented by this report is, whether that judgment is a bar to this action, so far as the defendant Elms is concerned.

It is settled that a fact directly put in issue by the pleadings is conclusively established by the verdict and judgment in all future litigation between the same parties. *Arnold* v. *Arnold*, 17 Pick. 4, 9. And this estoppel by former judgment extends to all facts which were necessarily within the issue there presented, and without proof of which the judgment could not have been rendered. *Burlen* v. *Shannon*, 99 Mass. 200. *Eastman* v. *Symonds*, 108 Mass. 567.

It is plain that the judgment in the former suit, which was an action in the nature of trover, established, as against Morse and Smith, a title to the goods in question in Elms, and a right to their immediate possession. That title cannot be questioned in a subsequent suit between the same parties. The pleadings show that the question of the validity of the title acquired by Elms by Thayer's sale to him, is the only question raised in the present suit; and that the validity of that sale was necessarily established in the former action. The judgment in the former suit is therefore conclusive against the plaintiffs in the present action. It establishes a fact entirely inconsistent with the claim here made, namely, that the defendants converted the goods by an unauthorized sale in Canada.

*Judgment for the defendants.*

*J. M. Browne*, for the plaintiffs.

*R. Morris & R. Morris, Jr.*, for the defendants.