### CRAWFORD MAXWELL *vs.* JOHN CLARKE & another.

Suffolk. March 11. — 12, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A bill in equity brought under the Gen. Sts. c. 113, § 2, cl. 11, by a creditor not a resident of this Commonwealth at the time of the first publication of proceedings in insolvency against his debtor, to reach and apply, in payment of the debt, the interest of the debtor in the assets of a copartnership of which he was a member, acquired since such first publication, was dismissed, on the ground that the plaintiff could not thus obtain a lien upon such property before he had obtained a judgment at law upon his debt. *Held*, that the decree was not a bar to an action at law upon the debt.

CONTRACT, against John Clarke and Andrew Cochran, on three promissory notes, dated respectively September 12, 1878, October 18, 1878, and October 24, 1878, each payable four months after date, to the order of the plaintiff, and signed by the defendants. Writ dated December 5, 1883. Answer: 1. A general denial. 2. A discharge in insolvency, granted on September 11, 1879, from all debts provable against the defendants on February 1, 1879. 3. Judgments obtained by the defendants on October 22, 1883, on two bills in equity, brought by the plaintiff for the same cause of action as the present.

Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions in substance as follows:

Each of the notes declared on was made and delivered at its date. The notes were given to pay for merchandise sold and delivered by the plaintiff to the defendants, and the sale took place in Boston. The plaintiff was at that time, and has been ever since, a resident of the city of New York. The defendants were then copartners under the style of Clarke and Cochran, and carried on business in Boston. The defendants' copartnership was dissolved in January, 1879, by their insolvency.

On January 31, 1879, the defendants filed their petition in insolvency in Middlesex county, in this Commonwealth; a warrant was issued the same day; the first publication was on February 1, 1879; and on September 11, 1879, they obtained their discharge in insolvency in due form. The plaintiff's claim on said notes was provable, but was not proved, against the defendants' estate in insolvency.

The plaintiff before bringing this action brought two separate bills in equity, returnable to the Supreme Judicial Court for Suffolk county at the December rules, 1881. The first bill was against these defendants and Patrick Buckley, alleging the indebtedness of these defendants to the plaintiff in the amount of one of the notes declared on, and alleging that Clarke was at the time of the bringing of said bill a copartner with Buckley under the firm of Clarke and Buckley, formed subsequently to the dissolution of the firm of Clarke and Cochran, and asking that the interest of Clarke in said firm of Clarke and Buckley be applied to the payment of his indebtedness to the plaintiff. The other bill in equity was against these defendants and

Roland McLean, Samuel Cochran, and Simeon Lewis, alleging the indebtedness of these defendants to the plaintiff in the amount of the other two notes, and alleging that Cochran was, at the time of the bringing of said bill, a copartner with McLean, Samuel Cochran, and Lewis, under the firm of Cochran, McLean, and Company, formed subsequently to the dissolution of the firm of Clarke and Cochran, and asking that the interest of the defendant Cochran in the firm of Cochran, McLean, and Company be applied to the payment of his indebtedness to the plaintiff. Both of these bills were heard before a single judge, first upon the demurrers of the defendants, which were overruled, and secondly upon the merits; and decrees were entered for the plaintiff in each for the full amount of the respective notes, and for the other relief set out in the respective prayers. The defendants appealed, and the cases were reported to the full court. After full argument, the court ordered the bills dismissed, and a final decree was entered in each case on October 22, 1883, dismissing each bill, with costs; and the costs have been paid. See *Maxwell* v. *Cochran*, 136 Mass. 73. The records in each of said equity suits may be referred to. The firm of Clarke and Buckley was formed subsequently to the discharge of Clarke in insolvency.

On the foregoing evidence, which was all the evidence in the case, the defendants requested the judge to rule that the plaintiff could not maintain this action. The judge declined so to rule, and found for the plaintiff for the amount of the notes, and interest from the date of their maturity. The defendants alleged exceptions.

*C. S. Lincoln*, for the defendants.

*M. Storey*, for the plaintiff, was not called upon.

BY THE COURT. The question whether the defendants owe the plaintiff the amount of the notes in suit was not adjudicated against the plaintiff in the former suits in equity between these parties. In those suits it was admitted or proved that the plaintiff was a creditor of the defendants, and the bills were dismissed upon the ground that, although a creditor, he could not by such a bill in equity, which is in the nature of an equitable attachment, obtain a lien upon property of the debtor acquired after his insolvency, before such creditor had obtained a

judgment at law upon his debt. The records show that this was the ground for dismissing the bills. The decrees in those suits, therefore, are not a bar to this action. *Maxwell* v. *Cochran*, 136 Mass. 73. *Exceptions overruled.*