The Terre Haute and Indianapolis Railroad Company v. Baker.

---

No. 386.

## THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY v. BAKER.

RAILROAD.—*Action for Wages Against.*—*Recovery of Attorney's Fees and Statutory Penalty.*—*Elliott's Supp., Sections 1596-1598 Construed.*—The act of March 3d, 1885 (Elliott's Supp., sections 1596-1598), which provides that every company, corporation or organization in the absence of any written contract to the contrary shall be required to make full settlement with and full payment in money to its employees engaged in manual or mechanical labor done for the company at least once in every calendar month, and failing to do so shall be liable to a penalty of one dollar for each succeeding day, with reasonable attorney's fees in case of suit, etc., applies to a suit brought against a railroad company for work and labor.

SAME.—*Decision of Court on Former Appeal.*—*Continues to be Law of Case.*—*Void Judgment of Garnishment.*—Where, on a former appeal, the Supreme Court held that, according to the statutes of Missouri, which were introduced in evidence to support the answer of the railroad company, the judgment of garnishment rendered in a justice's court in St. Louis was void, and constituted no defence to the cause of action set out in the complaint, such declaration continues to be the law of the case on a subsequent appeal to the Appellate Court.

From the White Circuit Court.

*J. G. Williams, S. O. Bayless* and *C. G. Guenther,* for appellant.

*C. R. Pollard* and *R. C. Pollard,* for appellee.

REINHARD, J.—Action by the appellee against the appellant in the Carroll Circuit Court. Joinder of issues, trial by the court and finding for appellee. Cause appealed

to the Supreme Court, where it was reversed and remanded. *Terre Haute, etc., R. R. Co.* v. *Baker,* 122 Ind. 433. Change of venue to White Circuit Court. Trial by court, finding and judgment for appellee.

The issues were fully stated by the Supreme Court on the first appeal, and they remain 'unchanged. Several errors have been assigned, but we will address our attention to such only as have been discussed in appellant's brief. It is argued in the first place that the finding is excessive, in that the court allowed both the statutory penalty and attorney's fees besides the principal and interest due.

The account sued on was for work and labor against a railroad company. It is urged that the act which provides these penalties for failure to pay within specified time has reference to mining and manufacturing companies only, and can not be applied to railroad corporations. Elliott's Supp., section 1599 *et seq.* But we think the penalty and attorney's fee allowed may be recovered under another statute from that to which counsel have cited us. Elliott's Supp., section 1596–1598. It is provided in this act that every company, corporation or association now existing, or hereafter organized, shall, in the absence of any written contract to the contrary, be required to make full settlement with and full payment in money to its employees, engaged in manual or mechanical labor, for such work and labor done for the company at least once in every calendar month, and failing to do so shall be liable to a penalty of one dollar for each succeeding day, with reasonable attorney's fees in case of suit, etc. We are of opinion that the penalty and attorney's fees allowed by the court are fully covered by the statute last above cited.

Appellant's counsel say that their principal defence consists of the facts pleaded in the third paragraph of the answer. This paragraph sets up a claim against appellee, which, it is alleged, it was compelled to pay for him, as garnishee,

by the judgment of a certain justice's court in the city of St. Louis, Missouri.

While it is true that the Supreme Court on the former appeal held this answer good, it is furthermore true that said court decided that, according to statutes of Missouri, which were introduced in evidence and construed by the court, the judgment of garnishment was void, and constituted no defence to the cause of action set out in the complaint, and that the appellant is, therefore, not entitled to have such judgment set off against the appellee's demand.

It is not claimed that the facts are different now from what they were as set out in the record on the former appeal. We are asked to give the statutes of Missouri, pleaded in this paragraph and set out in the records, a different interpretation from that given it by our Supreme Court on the former appeal. But the court having once declared the law in a case, such declaration continues to be the law of that case even on a subsequent appeal. *Nickless* v. *Pearson*, 126 Ind. 477; *City of Logansport* v. *Humphrey*, 106 Ind. 146; *Board, etc.*, v. *Pritchett*, 85 Ind. 68. We must, therefore, adhere to the ruling that the judgment of garnishment which the appellant paid in the St. Louis court is void, and it was the duty of the appellant to avail itself of the defence to which it was entitled, and having failed to do this it can not now hold the appellee liable upon the matters pleaded in the third paragraph of the answer.

These are all the questions presented.

Judgment affirmed.

Filed March 2, 1892.