HARRIET W. SLOCOM *vs.* CHARLES W. WILBOUR, EX.

PROVIDENCE—JUNE 11, 1901.

PRESENT: Stiness, C. J., Rogers and Douglas, JJ.

(1) *Pleading and Practice. Former Action Pending.*

A plea in abatement, setting up a former suit pending, will be overruled where it appears that the former action was prematurely brought and no recovery can be had thereon.

(2) *Probate Law and Practice. Actions against Executors.*

A declaration in an action against an executor to recover a debt due from the defendant's testate to the plaintiff averred that within six months after the date of the first publication of defendant's appointment and qualification the plaintiff presented her claim to the defendant, and that the defendant never filed in the Probate Court a statement allowing or denying the validity of the claim :—

*Held,* on demurrer, that the allegation was not alleged as a ground of recovery but by way of inducement, explaining in what circumstances the action was brought; that it was necessary to aver and prove that the claim had been duly presented to the executor, and in the case where the executor had taken no action regarding the claim it was proper to aver and prove such fact in order to rebut the application of Gen. Laws cap. 215, § 4, limiting the time within which suit can be brought upon a rejected claim.

ASSUMPSIT against an executor. Heard on demurrer to defendant's rejoinder to replication to defendant's plea in

abatement, which demurrer was sustained ; and on demurrer to first count of declaration, which demurrer was overruled.

PER CURIAM. The first question in this case arises upon the defendant's plea in abatement and the subsequent pleadings setting up a former action pending, which he contends is a bar to the prosecution of this suit.

(1)    It appears that before commencing this action the plaintiff commenced an action of debt in the name of the Probate Court against the defendant and the surety upon his bond, alleging certain breaches of the bond by reason of which they are liable to pay the debt sued for here. We have just decided, upon demurrer to the declaration in that case, that the suit was prematurely brought. *Municipal Court* v. *Wilbour*, 23 R. I. 95. As no recovery can be had in that case, it is no impediment to the prosecution of this. 1 Ency. Pl. & Pr. 766. The plaintiff's demurrer to the defendant's rejoinder to the plaintiff's replication to the plea in abatement is sustained, and the plea in abatement is overruled.

(2)    The second question is raised by the defendant's demurrer to the first count of the declaration, which alleges that the defendant has never filed in the Probate Court a statement either allowing or denying the validity of her claim. The demurrer objects to this count on the ground that it alleges the neglect of the executor to file a rejection of the claim as constituting a promise to pay it. We do not so construe the declaration. The fact referred to is not a ground of recovery, but by way of inducement explains in what circumstances the action is brought. It is necessary to aver and prove that the claim has been duly presented to the executor. It is proper, whether strictly necessary or not, to allege what action he took or refrained from taking with regard to it. The presumption would be that he had taken action as the law required him to do. If he did not, it is proper for the plaintiff to aver and prove it—at least to rebut the application of section 4 of chapter 215, which limits the time in which suit may be brought if a claim is rejected in due form. The material averments of the count are that the testator owed

the debt and that the plaintiff presented her claim to the executor in due time.   These averments raise substantial issues which, if found in the plaintiff's favor, will entitle her to judgment.

The defendant's demurrer must be overruled and the defendant required to answer the count.

*Irving Champlin*, for plaintiff.
*Edward D. Bassett*, for defendant.