CHARLES S. WATERHOUSE & others *vs.* HENRY M. LEVINE.

Suffolk.    November 19, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Pleading*, General denial.   *Judgment*, When a bar.

In an action for goods sold and delivered the defendant may show under a general denial that the goods were bought upon a credit that had not expired when the action was brought.

Where a former judgment in favor of the defendant for the same cause of action is set up in bar of an action for goods sold and delivered, the plaintiff may show that the goods were sold upon a credit which had not expired when the former action was begun, and that the judgment was entered for the defendant in the former action solely on the ground that it was prematurely brought.

Whether oral evidence would be admissible to show that a former judgment was

given solely upon an issue which strictly could not have been tried upon the pleadings as they stood, but which in fact was tried with the assent of all parties, *quære.*

CONTRACT for goods sold and delivered. Writ in the Municipal Court of the City of Boston dated April 13, 1901.

On appeal to the Superior Court the case was tried before *Sherman*, J., without a jury. The defence pleaded and relied upon was a former judgment. The judge refused to rule that the judgment was a bar to this action, and made the ruling stated by the court, admitting evidence to show the issue tried in the former action. He found for the plaintiff in the sum of $336.04; and the defendant alleged exceptions.

*F. M. Davis & H. H. Richardson,* for the defendant.

*C. H. Sprague,* for the plaintiffs.

BARKER, J. The defendant contends that the plaintiffs cannot maintain this action because judgment was rendered for the defendant upon a trial in a previous action between the same parties and for the same cause of action. Evidence was admitted in this action against the defendant's exception that the former judgment was upon the ground that the first suit was prematurely brought, the goods for the price of which both suits were brought having been sold upon a credit which had not expired when the first action was begun. The judge found as a fact that the only issue decided in the former action was whether that action was prematurely brought, and that the former judgment was entered because the action was prematurely brought and for that reason alone.

The only answer in the former action was a general denial. But under that answer the defence that the goods were bought upon a credit not expired when the suit was begun was open. *Wilder* v. *Colby,* 134 Mass. 377, 380, distinguishing *Reed* v. *Scituate,* 7 Allen, 141. See also *Fels* v. *Raymond,* 134 Mass. 376; *Franklin Savings Institution* v. *Reed,* 125 Mass. 365; *Benthall* v. *Hildreth,* 2 Gray, 288; *Morrison* v. *Clark,* 7 Cush. 213. Whether oral evidence would be admissible to show that a former judgment went solely upon an issue which strictly could not have been tried upon the pleadings as they stood, but was in fact tried with the assent of all parties, is a question upon which we express no opinion.

It is only when rendered upon the merits that a judgment constitutes an absolute bar to a subsequent action for the same cause and the parties are concluded upon all issues which might have been tried. *Foye* v. *Patch*, 132 Mass. 105, 110. *Tracy* v. *Merrill*, 103 Mass. 280. *Maxwell* v. *Clarke*, 139 Mass. 112. *Cobb* v. *Fogg*, 166 Mass. 466, 477. In the absence of proof that an issue actually was tried and determined in arriving at a former judgment, it is conclusive by way of estoppel only as to those facts which necessarily were involved, and without proof of which it could not have been rendered. *Burlen* v. *Shannon*, 99 Mass. 200. *Eastman* v. *Symonds*, 108 Mass. 567. See *Morse* v. *Elms*, 131 Mass. 151, 152; *Watts* v. *Watts*, 160 Mass. 464, 466.

When the question whether a certain issue was in fact determined in a former suit is to be tried, oral evidence is competent upon that question. *White* v. *Chase*, 128 Mass. 158. *Evans* v. *Clapp*, 123 Mass. 165. *Dutton* v. *Woodman*, 9 Cush. 255, 261. *McDowell* v. *Langdon*, 3 Gray, 513, 514.

*Exceptions overruled.*