## DIXON v. STATE MUT. INS. CO.

No. 5027.—Opinion Filed June 27, 1916.

Rehearing Denied September 19, 1916.

(159 Pac. 922.)

**1. Appeal and Error—Review—Former Decision—Law of the Case.**

Where the trial court sustains a general demurrer to a petition upon the grounds that the petition fails to state facts sufficient to constitute a cause of action, and upon appeal the questions presented are that the insurance policy upon which suit was brought was void for the reason that notice of loss had not been given within 48 hours after the loss, and for the further reason that the suit was brought within 60 days after proof of loss was furnished, and therefore prematurely brought, and the Supreme Court, upon a hearing, holds that the policy was not void, but that the suit was prematurely brought, and sustains the trial court for that specific reason, and thereafter a new suit is filed upon substantially the same state of facts, but, after the expiration of 60 days after proof of loss furnished, and a general demurrer sustained to this petition upon the ground that the former judgment of the court is res adjudicata, held, the decision of the Supreme Court is binding upon the lower court, the first cause of action having been prematurely brought, and the demurrer should have been overruled in the second cause of action.

## 2. Same.

It is the general rule that a decision upon a general demurrer to a petition, when the party elects to stand upon the petition, is a ruling upon the merits and is res adjudicata as between the parties upon the same state of facts, but in a case where the Supreme Court sustains the trial court solely upon the ground that the petition was prematurely filed, such holding is binding upon the trial court, and it is immaterial that the Supreme Court has since held that the same state of facts constitutes a good cause of action.

(Syllabus by Clay, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by George Dixon, administrator of the estate of Theodore F. Dixon, deceased, against the State Mutual Insurance Company. There was a judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 34 Okla. 624, 126 Pac. 794, L. R. A. 1915F, 1210.

Everest & Campbell, for plaintiff in error.

Keaton, Wells & Johnston, for defendant in error.

Opinion by CLAY, C. Plaintiff in error, as plaintiff, brought suit against the defendant in error as defendant, in the district court of Oklahoma county, to recover on an insurance policy issued for $1,500 to Theodore Dixon, dated October 14, 1909, insuring a certain barn against loss by fire, alleging the total destruction of said barn by fire on the 26th day of April, 1909, that proof of loss and notice were given on the 14th day of September, 1909, according to and in compliance with the provisions of the policy, and attaching a copy of the policy sued on as an exhibit to the petition.

Plaintiff further alleges that Theodore Dixon brought suit on said policy in the same court on October 22, 1909, which suit was numbered 8798 on the docket of said court, for the loss sustained by said fire in the amount of said policy, and by leave of court filed, on the 26th day of February, 1910, his second amended petition; that the defendant demurred to said petition on the 2d day of March, 1910, upon the grounds that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained on the 7th day of May, 1910; that plaintiff excepted, elected to stand on his petition, and his action was dismissed, from which judgment he appealed to the Supreme Court; that upon a hearing in the Supreme Court on the 19th day of September, 1910, the judgment of the trial court was sustained for the reason and upon the ground that said suit was brought within 60 days after notice and proof of loss was given, and said action was prematurely brought and could not be maintained.

Defendant filed a general demurrer to this petition, which was sustained, the cause was dismissed, and plaintiff excepted and appealed from the judgment sustaining the demurrer and dismissing the case.

The only question for determination presented by the plaintiff is the alleged error of the trial court in sustaining the demurrer and dismissing the action.

Plaintiff admits this to be a suit upon the same policy, against the same defendant, and for the same loss as the one heretofore prosecuted by the beneficiary, but contends that, as the demurrer was presented and argued upon two propositions of law only, one that the policy was forfeited because notice was not given within 48 hours, and that proof of loss was not made within 60 days after the loss, and the other that the action was brought within 60 days after the loss, the decision of the Supreme Court holding that the first ground was not a forfeiture, but that the action of the trial court should be sustained because the action was prematurely brought, made the action of the trial court in sustaining the general demurrer in the former action amount to a dismissal of the action because the suit was prematurely brought, and therefore left the matter open for a new cause of action.

The defendant contends that the former case was decided upon a general demurrer and held by the trial court not to state a cause of action, and that the decision upon the general demurrer was upon the merits, and therefore a bar to a future action upon the same state of facts, and cites a large number of cases, many from our own court, in support of this contention, and that the facts set up by the plaintiff in this case are substantially the same as those set up in the former case. The rule of law laid down by the cases cited by the defendant is undoubtedly correct in respect to the facts in the cases cited, that the sustaining of a general demurrer to a petition for the reason that the facts do not state a cause of action, where the Supreme Court for the same reason sustains the action of the trial court upon appeal, is a bar to all future litigation between the same parties upon the same state of facts. In the case of the Corrugated Culvert Company v. Simpson Township, 51 Okla. 178, 151 Pac. 854, McKeown, C., says:

"It is a well-settled doctrine that a judgment or decree rendered on demurrer to a

material pleading, on the ground that the facts therein stated are insufficient in law, is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true. This is true because the matters in controversy in each case are settled by the record. It follows that facts thus established can never thereafter be contested between the same parties or those in privity with them. Ann. Cas. 1913A, note page 541, and authorities cited."

But here we have a different state of facts. In the former case, which was No. 8789 in the trial court, a general demurrer to the petition was sustained for the reason that it did not state facts sufficient to constitute a cause of action. The plaintiff elected to stand upon his petition and appealed to the Supreme Court (34 Okla. 624, 126 Pac. 794, L. R. A. 1915F, 1210), where Rosser, C., in a carefully and well considered opinion, held that the policy sued on was not void by reason of the failure to give notice of .the loss within 48 hours, and further held that the action of the trial court in sustaining the demurrer should be affirmed for the reason that the suit was brought before the expiration of the 60 days after the proof of loss had been furnished the company, and therefore was premature.

The holding of the Supreme Court that the action was premature therefore becomes the law of the case and binding both upon the trial court and this court. Harding v. Gillett et al., 25 Okla. 199, 107 Pac. 665; Willson v. Binford, 81 Ind. 588; Terre Haute & I. R. Co. v. Baker, 4 Ind. App. 66, 30 N. E. 431; Sewing Machine Co. v. Leslie, 118 Fed. 557, 55 C. C. A. 323.

In the latter case it is held that the decision of the appellate court upon a question arising in the case is not only binding upon the trial court, but is the law of the case in the appellate court itself upon a subsequent writ of error or appeal.

It does not matter for what other reason the trial court may have sustained the demurrer. In fact, he may have sustained it upon the theory that the policy was void because notice had not been given within 48 hours after the loss, as required by the provisions of the policy, but the Supreme Court said that the suit was prematurely brought. We think it but fair to presume that the trial court may have sustained it for the same reason, as, from an examination of the petition as it now exists, we are clearly of the opinion that the same states a cause of action and is not subject to demurrer. It is conceded that the present petition is substantially the same as the petition in the former case; therefore it would not be fair to presume that the trial court erred in the former case, and we will indulge the reasonable presumption that the trial court held correctly; that is, that the action was prematurely brought, and, if the former action was a premature action, it would be no bar to a new action.

Defendant further urges that this petition was amended more than 60 days after proof of loss was furnished, and that therefore, under the rule laid down in Western Reciprocal Underwriter's Exchange v. Coon, 38 Okla. 453, 134 Pac. 22, which holds that the filing of an amended petition after 60 days from the time of the furnishing of proof of loss cured the defective bringing of the action, and that the party is bound by such adjudication, in that it was a matter that might have been litigated in the former suit. But we are confronted in this case with the rule that the decision of the Supreme Court in the former case is binding upon the trial court and upon this court, and therefore conclusively settles the question that the action was prematurely brought. In 23 Cyc. 1221, it is said:

"The decision of an appellate court is binding and conclusive upon the parties, as to the matter or point adjudged, in subsequent litigation between them in the same or any other court, and this is true even though the appellate court has since decided differently in other cases."

To the same effect are 3 Cyc. 397, and note; City of Hastings v. Forworthy, 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321, and note.

Defendant further urges that it is not the reasoning of the Supreme Court that constitutes res adjudicata, but the judgment of the trial court, and that, when the judgment of the trial court becomes final, it is a complete bar to future actions between the same parties where a general demurrer has been sustained, and cites in support of its contention Holderman v. Hood et al., 78 Kan. 46, 96 Pac. 71, which holds that not the reasoning of the Supreme Court, but the judgment of the lower court, constitutes the bar.

We concede this to be the law. It is not the reasoning of the Supreme Court that constitutes the bar to a cause of action, but it is the question of law that was settled in that case which is binding upon both parties. It is a part of the record of the case, and it is as much an estoppel or bar as a judgment of the trial court upon the merits as far as asserting that the things there determined were not as stated in the opinion, and is binding upon the same state of facts.

In Heidt v. Minor, 113 Cal. 385, 45 Pac. 700, it is said:

"The 'law of the case' consists, not in the reasoning of the court, or in the illustrations given, but in the propositions of law actually decided, and applicable to the facts in judgment."

It is well settled that a suit prematurely brought is no bar to future action between the same parties. Waterhouse v. Levine, 182 Mass. 407, 65 N. E. 822; Slocom v. Wilbour, 23 R. I. 97, 49 Atl. 489; Gragg v. N. W. Ins. Co., 140 Mo. App 685, 126 S. W. 766; McNees v. Insurance Co., 69 Mo. App. 232; Moloney v. Nelson, 158 N. Y. 351, 53 N. E. 31; Nevills v. Shortridge, 146 Cal. 277, 79 Pac. 972.

We have examined the petition in this case, and do not believe that the same is subject to a general demurrer. We think it states a good cause of action; and, as we have held that the first suit was brought prematurely, we believe the court was incorrect in sustaining a general demurrer to this petition.

We therefore recommend that the judgment of the trial court sustaining the demurrer and dismissing this case be reversed, and the cause reinstated for trial upon its merits.

By the Court: It is so ordered.