WILFRED S. DOWLING, petitioner-appellant,

*v.*

THEODORA DOWLING, defendant-respondent.

[Submitted July 11th, 1921. Decided November 14th, 1921.]

The rule applied in *English* v. *English*, 27 *N. J. Eq.* 579, and *Spence* v. *Spence*, 74 *N. J. Eq.* 786, *held* inapplicable to a case where petitioner's petition is dismissed on the ground of *res judicata*.

On appeal from a decree dismissing petition for divorce advised by Vice-Chancellor Fielder.

*Mr. Palmer Bradner*, for the appellant.

The opinion of the court was delivered by

PARKER, J.

Petitioner prayed a divorce on the grounds of adultery and desertion. The case was heard by Vice-Chancellor Fielder, who filed written conclusions holding that neither charge was satisfactorily made out on the evidence, and, accordingly, dismissed the petition. In that conclusion, after due examination of the evidence and appellant's brief, the only one submitted, we concur, and for substantially the same reasons that are given by the learned vice-chancellor. A recital of the facts would answer no useful purpose.

The respondent filed a cross-petition against her husband on the ground of constructive desertion; but, it appearing to the vice-chancellor that she had brought an earlier action for divorce on the ground of adultery, in which her petition had been dismissed, and that at the time of filing her petition in that suit her right to a divorce for desertion, if any, was complete, the vice-chancellor held that that claim should have been made in her former suit and that she was barred from making it in the

present one. But he seems to have considered, on the authority of *Spence* v. *Spence, 74 N. J. Eq. '786,* a chancery decision based on *English* v. *English, 27 N. J. Eq. 579,* in this court, that the dismissal of her petition should be "without prejudice, however, to any future action she may desire to institute against her husband for divorce on the ground of desertion." This clause, contained in his conclusions, was inserted in the decree, and appellant claims that he is aggrieved by it, in that it largely nullifies the dismissal of the wife's cross-petition by permitting her to apply again at any time without restriction of the grounds of such application. This point seems to be well taken. It is true that in the cited cases the dismissal was without prejudice, but this was to guard against the very rule of *res judicata* applied by the learned vice-chancellor in the case at bar. It seems unlikely that he intended to dismiss a petition on such a ground and at the same time to reserve the right to file a similar one based on the same facts at any time in the future. The expressed object, in *English* v. *English* and *Spence* v. *Spence* was, while holding the facts then submitted insufficient, to reserve the right of using them in connection with other facts which may afford the ground of a subsequent suit. This rule we deem inapplicable to the present case. The wife, on September 23d, 1916, when she sued on the ground of adultery, either had a cause of divorce for desertion or she had not; assuming that she had, she did not then assert it, and has properly been held barred from asserting it in the present action. Such cause, if any, is therefore finally disposed of. And for the very reason of *res judicata* invoked by the vice-chancellor, any matured cause of divorce which respondent could have embodied in her counter-claim in the present action should also be held barred; but otherwise as to a cause that could not have been asserted in the present suit. The restrictive clause in the decree of dismissal of the counter-claim should consequently be modified to read: "Without prejudice, however, to any future action she may desire to institute against her husband for divorce for any cause arising after the filing of the cross-petition in this suit."

The decree should be modified in this respect, and in all other respects will be affirmed.

*93 N. J. Eq.* Fidelity Trust Co. *v.* Halsey & Smith.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK —14.

*For reversal*—None.