REYNOLDS ET AL. *v.* LEE ET AL.

[No. 14,512. Filed June 28, 1933. Rehearing denied September 28, 1933.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *Hugh E. Reynolds,* for appellants.

*Frank B. Ross, Norman E. Patrick* and *Edgar M. Blessing,* for appellees.

DUDINE, J.—The facts which are pertinent to this appeal, as specially found by the court below, are, in effect, that Charles E. Kregelo died testate on the 23rd day of August, 1905, and his will was duly probated. By it he bequeathed certain real estate to the Union Trust Company as Trustee for the use of his wife, Laura J. Kregelo, his daughter, Katherine Kregelo Beckwith, and his two grandchildren (appellees), Dorothy Kregelo

Martin and Charles Kregelo Martin, as follows: His wife to have the income until her death. In the event of her death prior to the death of his said daughter, his said daughter to be paid $100.00 per month if the net receipts equal that amount. The clauses which were beneficial to his said grandchildren, and which we deem necessary to insert in this opinion, are as follows:

"(g) . . . I provide that said The Union Trust Company shall, if necessary, from the income of the real estate I may leave or from the sale of any that may be necessary, pay whatever may be necessary for the reasonable support and education of my two grandchildren Dorothy Kregelo Martin and Charles Kregelo Martin.

"(h) When my two grandchildren heretofore named, Dorothy Kregelo Martin and Charles Kregelo Martin, shall both have attained the age of twenty-one years, they shall become entitled to the immediate possession and take the fee simple title of all real estate prior to that time held and controlled by said The Union Trust Company. . . ."

Decedent's daughter died May 26, 1918, and his widow died October 7, 1929.

Said grandchildren were the children of said decedent's daughter by a former marriage. Said Dorothy Kregelo Martin is now appellee Dorothy Kregelo Lee, the wife of appellee James A. Lee. Appellee Margaret M. Martin is the wife of appellee Charles Kregelo Martin. Appellants, Harry H. Beckwith and Richard Beckwith, are sons of said decedent's daughter by a later marriage. Appellants were not "in being" at the time of decedent's death.

Shortly after the death of decedent's widow (appellants' maternal grandmother) appellants filed a suit to partition said real estate. In their complaint they alleged that they were each the owners of an undivided one-fourth of said real estate. The complaint alleged that each appellee claimed some interest in the real

estate and that they were made parties to the action, in order that they be required to assert any claim that they might have to said real estate. Appellees Dorothy Kregelo Lee and Charles Kregelo Martin filed a separate answer in two paragraphs. The first paragraph was a general denial, and the second alleged that they were the owners in fee simple of the real estate, and that appellants had no right, title, or interest in the real estate. Said appellees also filed a cross-complaint, alleging ownership in fee simple, and asking that their title be quieted as against appellants. All other appellees filed answers in general denial. Appellants filed a general denial to said cross-complaint.

Trial was had by the court without a jury. Upon proper request, the court made a special finding of facts, as was heretofore indicated, and rendered conclusions of law that title to said real estate be quieted in appellees Dorothy Kregelo Lee and Charles Kregelo Martin as against appellants. Judgment was rendered accordingly. The court rendered other conclusions of law which are not pertinent to this appeal, and therefore will not be discussed.

Exceptions having been duly taken by appellants to each of the conclusions of law, this appeal was perfected.

The errors relied upon for reversal challenge the correctness of each of the conclusions of law.

Appellants contend that decedent's attempted devise of his real estate to Dorothy Kregelo Martin and Charles Kregelo Martin suspended the absolute power of alienation of land in violation of Sec. 13416, Burns 1926, (§14700, Baldwin's 1934).

If we assumed that appellants' said contention is well founded and true, we would not be authorized to reverse this judgment.

The court found that in 1906 after decedent's will was

probated, said The Union Trust Company, trustee under said will, filed suit praying for a construction of said will, naming decedent's widow and daughter, and appellees Dorothy Kregelo Martin and Charles Kregelo Martin as defendants; that each of said defendants appeared and filed answer therein; the cause was submitted to the court for trial and the court rendered a judgment construing said will to mean: (1) That decedent's widow should receive the entire net income of the estate as long as she shall live; (2) In the event decedent's daughter survived decedent's widow, said daughter should receive from the rentals $100.00 per month as long as she lives. (3) "The Union Trust Co., trustee, shall continue in possession and control of said estate until both of such grandchildren (Dorothy Kregelo Lee and Charles Kregelo Martin) or the survivor of them shall have arrived at the full age of 21 years at which time the said grandchildren, Dorothy Kregelo Martin and Charles Kregelo Martin, shall take the fee simple title to, and be entitled to the immediate possession of said real estate. . . ." The court further found that said judgment "was not thereafter set aside, or appealed from, and that the same thereupon became the final judgment and decree . . . in said cause."

It is a general rule that a final determination of a cause is a final determination not only of the matters which were actually determined in the cause, but is a final determination of all matters which the parties might have litigated in the cause. *Fischli* v. *Fischli* (1825), 1 Blackford 360, 12 Am. Dec. 251; *Maynard et al.* v. *Waidlich* (1901), 156 Ind. 562, 60 N. E. 348; *Cannon* v. *Castleman* (1904), 162 Ind. 6, 69 N. E. 455; *Trook* v. *Crouch* (1924), 82 Ind. App. 309, 137 N. E. 773; 21 Amer. and Eng. Encycl. of Law 216, 220.

Said general rule is applicable to suits to construe

wills. "A decree construing the will and determining the rights of the parties to such proceeding, if rendered by a court of competent jurisdiction, is binding upon all parties to the suit to construe, until attacked directly by appeal or error." Page on "Wills" (2nd Ed.) Sec. 1410. See authorities cited. See also 22 Encycl. of Pleading and Practice, p. 1209. Such decree is binding upon those claiming by descent under a party to such proceeding. Page on Wills, *supra*.

Appellants, in their reply brief, contend that said former proceeding was an action brought "to determine the duration of the trust, and the question of whether or not the gift over, after the termination of the trust . . . violated Section 13416, Burns 1926, was not involved in that case." It must be admitted that the question of whether or not the gift over violated Sec. 13416, Burns 1926, *could* have been presented and determined in said cause. This question *was* pertinent to the construction of the will.

There was no question presented as to the jurisdiction of the court in said former proceeding, hence we assume the court had jurisdiction. Decedent's daughter, through whom appellants claim title, was a party to said proceeding. Her rights were determined, and she did not appeal therefrom. This case clearly comes within the general rule above set forth, and we see no reason for discussing the other questions presented by this appeal.

Judgment affirmed.