SMITH *v.* SMITH.

[No. 15,099. Filed February 20, 1936. Rehearing denied April 24, 1936. Transfer denied September 30, 1936.]

*L. Ert Slack,* for appellant.

*Bates & Bates, Thomas F. O'Mara* and *Samuel J. Offutt,* for appellee.

DUDINE, J.—This is an appeal from a judgment in a divorce case instituted by appellee against appellant.

The complaint charged cruel and inhuman treatment. Appellant filed an answer in two paragraphs, the first

being a general denial, and the second paragraph alleging former adjudication.

The cause was submitted to the court for trial and the court found for appellee and rendered a judgment granting him a divorce. Appellant filed a motion for new trial which contained the grounds that the decision of the court is not sustained by sufficient evidence and that the decision is contrary to law.

Appellant contends that the evidence indisputably shows that the cause for divorce alleged in the complaint and submitted to the court was formerly adjudicated, and therefore the judgment rendered by the court in this cause must be reversed.

The evidence does indisputably show that on the 23rd day of July, 1931, appellee filed his complaint against appellant for divorce in the Superior Court of Marion County, Room Two; that appellant was duly summoned to appear and answer said complaint; that appellant did appear and file answer thereto; that thereafter, said cause was duly submitted to said court for trial on October 22, 1931, and on that date said court found for appellant in said cause, and rendered judgment therein denying appellee a divorce; that the complaint in the cause at bar was filed in Superior Court of Marion County, Room One, and summons issued thereon on October 29, 1931, seven days after said judgment was rendered. This cause was thereafter transferred to the Hancock Circuit Court upon a change of venue.

Appellee, when questioned as a witness in the trial of this cause, testified that at the time he filed said first complaint for divorce he knew all of the facts, which related to the alleged cruel and inhuman treatment of him by his wife, concerning which facts evidence had been introduced in this cause.

It is necessary that we determine but one question, and that question may be stated as follows: "When a

court of competent jurisdiction adjudicates a cause of action for divorce, denying the divorce, are all grounds for divorce known to the plaintiff, at the time such action is instituted, deemed to be adjudicated?"

As early as 1825, in *Fischli* v. *Fischli,* 1 Blackford 360, our Supreme Court adopted the rule of law that whenever "a matter is adjudicated and finally determined by a competent tribunal, it is considered forever at rest."

The Supreme Court said further in that case, with reference to said rule of law, " 'This is a principle upon which the repose of society materially depends; and it therefore prevails, with a very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case.' " Quoted and approved in *Elwood* v. *Beymer et al.* (1885), 100 Ind. 504, 509. This principle has been approved by our courts of review ever since.

In *Elwood* v. *Beymer, supra,* our Supreme Court held that where a defendant, in an action for partition of land files a cross-complaint setting up certain liens against the land, an answer which alleges that the liens set up in the cross-complaint were or might have been litigated in a former suit for partition of the same land, between substantially the same parties, was held good on demurrer as an answer of former adjudication in bar of such action.

In *Reynolds* v. *Lee* (1933), 97 Ind. App. 460, 186 N. E. 337, a decree in a suit to construe a will was held to be a former adjudication of a claim of title to real estate belonging to testator at time of his death, which claim was made by descendants of a party to said suit.

In *Walker et al.* v. *Walker et al.* (1898), 150 Ind. 317, 50 N. E. 68, it was held that a decree of divorce constitutes an adjudication between the divorced parties of

all property rights and therefore real estate conveyed by a husband to his wife in pursuance of an antenuptial agreement cannot be recovered because of a breach in the antenuptial agreement after the divorce has been granted.

In *The Ind. Bloomington and Western R. Co.* v. *Koons* (1885), 105 Ind. 507, 5 N. E. 549, it was held that where in consideration of the conveyance of a right of way, a railroad company contracts with the landowner to construct and maintain fences along such right of way and to construct and maintain a crossing, a judgment in an action upon such contract, for damages for a failure on the part of the railroad company to construct the crossing is a bar to an action for a failure to construct the fences.

In that case the Supreme Court said (p. 510), "A party will not be permitted to present by piecemeal, in successive suits, claims which grow out of an indivisible, entire contract, and which might have been litigated and determined when the suit was first brought. In such a case, the judgment in the first suit will be a conclusive merger of all the plaintiff's rights under the contract."

In that case the Supreme Court quotes with approval from *Henderson* v. *Henderson* (1843), 3 Hare Ch. 100, 115, 67 Eng. Rep. 313, as follows (p. 510) : " 'Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case.' "

This is a case of first impression in the courts of review of this state, but the holdings of said courts in the cases we have referred to force us to hold that the principles of law as to former adjudication are applicable in this case, and that all causes for divorce which appellee had, and of which he had knowledge at the time he instituted his first action for divorce were adjudicated in that divorce proceeding. We find no good reason why said principles are not applicable here. See *Brown* v. *Brown* (1859), 37 N. H. 536, 75 Am. Dec. 154; *Crockett* v. *Crockett* (1906), 132 Ia. 388; *Wagner* v. *Wagner* (1886), 36 Minn. 239, 30 N. E. 766; *Dowling* v. *Dowling* (1921), 93 N. J. Eq. 159, 115 Atl. 378; *Bartlett* v. *Bartlett* (1873), 113 Mass. 312, to the same effect. See also note with long list of authorities Ann. Cas. 1916B, 875.

Paraphrasing the language in *The Ind. Bloom. & Western R. Co.* v. *Koons, supra,* quoted above, so as to make it applicable to this case, it may be truly said, "A party will not be permitted to present by piecemeal, in successive suits, claims (for divorce) which grow out of an indivisible relationship between the parties, to wit, marital status, and which claims might have been litigated and determined when the suit was first brought."

If the judgment in the cause at bar had been based solely on evidence of cruel and inhuman treatment which had occurred after the judgment in the previous proceeding was rendered, the judgment in the cause at bar would not be subject to an attack of former adjudication.

Appellee has cited *Smith* v. *Smith* (1905), 35 Ind. App. 610, 74 N. E. 1008. In that case the court held that a judgment denying a wife divorce and alimony is not *res adjudicata* as to a subsequent action by such wife for support for herself and children. That that decision is not controlling here is apparent from the language of the court in that case, where it says (p.

614) : "A complete answer to appellant's contention is found in the statement of this court in the case of *Carr* v. *Carr* (1893), 6 Ind. App. 377, 33 N. E. 805: 'The obligation of a husband to support his wife and infant children is a continuing one, and lasts as long as the relation exists. The purpose of this action is not to recover for past support, but for present and future maintenance. . . .' "

For the reasons stated we hold that the decision of the court is contrary to law and the judgment is therefore reversed with instructions that appellant's motion for new trial be granted.

Kime, P. J., and Wiecking, J., dissent.

### DISSENTING OPINION.

Dissenting opinion of KIME, P. J., in which WIECKING, J., concurs.

With the statement that where there has been an adjudication and a final determination by a competent tribunal the matter is considered forever at rest, I have no quarrel, but the dissension arises as to what was adjudicated in the first divorce suit. In the first suit filed by the husband he alleged that his wife had abandoned him and that because she had abandoned him he was entitled to a decree of divorce. To this complaint the wife filed an answer of general denial.

To determine what the court adjudicated it is necessary to first decide what the issue for his determination was, as presented by the pleadings.

"The word 'issue' as used in law, is technical. It is the *point in dispute* between the parties on which they put their cause to trial." (Our italics.) *Wolcott* v. *Wigton et al.* (1855), 7 Ind. 44, 48.

It is then necessary for us to determine what was the "point in dispute" between husband and wife here. The husband by the allegations of his complaint says

he is entitled to a divorce because of cruel and inhuman treatment. The wife by her general denial says "no you are not entitled to a divorce because I have not been guilty of cruel and inhuman treatment toward you." " 'The matter in issue has been defined by this court adopting the language of a Federal Court, quoting a New Hampshire court "to be the matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleading." ' " *Bowen* v. *W. O. Eaton & Co.* (1910), 46 Ind. App. 65, 75, 89 N. E. 961. The issue is defined by and confined to the pleadings. *Palmer* v. *Humiston* (1913), 87 Ohio St. 401, 101 N. E. 283, 45 L. R. A. (N. S.) 640.

The answer of general denial puts the plaintiff "upon proof of all the material allegations of his complaint." *City of Lafayette* v. *Wortman* (1886), 107 Ind. 404, 409, 8 N. E. 277. Also *The Indianapolis, Decatur & W. R. Co.* v. *Center Township* (1895), 143 Ind. 63, 40 N. E. 134; *P. C. C. & St. L. R. Co.* v. *Fish* (1902), 158 Ind. 525, 530, 63 N. E. 454. The burden is then upon the plaintiff to establish facts warranting his right to recover. *Hubble* v. *Berry et al.* (1913), 180 Ind. 513, 103 N. E. 328.

"The prime object of all litigation is to establish a *right*." (Our italics.) *Tyler* v. *Judges, etc.* (1900), 179 U. S. 405, 406, 21 'Sup. Ct. R. 206. Where there is a primary right and that right has been invaded it gives to the one having the right the election of proceeding to enforce that right if in law or equity or by special statute there is a remedy provided by which it may be pursued to preserve to him the relief to which he is entitled. Here is where confusion first arises because courts have confounded causes of action with remedies. They are entirely different, separate, and distinct in many respects and are different in principle and governed by other rules.

The "cause of action" should be distinguished not only from the "remedy" but also from the "relief" sought which is not part of the cause of action, 1 R. C. L. Actions, and cases cited.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." *Baltimore S. S. Co.* v. *Phillips* (1926), 274 U. S. 316, 321, 47 S. Ct. R. 600, 71 L. Ed. 1069. The court in this case, quoting from the case of *Chobanian* v. *Washburn Wire Co.* (1911), 33 R. I. 289, 80 Atl. 294, Ann. Cas. 1913D 730, said (p. 302) : "The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result in a legal wrong, the existence of which, if true, they conclusively evince.*' "

The legislature of Indiana has said that one may expect to have a marriage exist until it is interrupted by one of eight enumerated grounds. When facts exist which establish that one of these grounds is prevalent the injured party may repair to the court and file therein, in the manner provided by statute, as those statutes have been interpreted by the courts, a complaint. Where the husband believing that his primary right, namely, to have the marriage proceed uninterruptedly, had been violated by the abandonment by the wife then pursued the remedy given to him by the legislature, namely, filed his complaint for divorce because of abandonment in the proper court, thereby in effect saying that because this right was violated and having pursued the remedy given me by the statute that if I establish the facts necessary to prove to the court that I have been abandoned that I am then entitled to the

relief which the statute says is to be mine—a decree for divorce.

Plaintiff must proceed upon some definite theory and the evidence introduced must support that theory. *Wagner* v. *Winter* (1890), 122 Ind. 57, 23 N. E. 709. The trial court should limit the inquiry and proof to the theory of the issue. *Pittsburgh, etc., R. Co.* v. *James* (1917), 64 Ind. App. 456, 114 N. E. 833.

The wife by filing her plea in bar as to cruel and inhuman treatment admitted that there existed in favor of the husband facts which would entitle him to a divorce but contended that it should now bar him because it had been previously determined. *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 40 N. E. 79. Since there was no demurrer to the first complaint any objections thereto are waived. *Indianapolis Street Ry. Co.* v. *Kane* (1907), 169 Ind. 25, 80 N. E. 841, 81 N. E. 721.

The test of the identity of the cause of action is whether or not the same evidence would sustain both. If it would they are identical, otherwise they are not. 15 R. C. L. Judgments §329. Freeman on Judgments, Vol. 2, §687.

" 'It is undoubtedly a settled question that a party seeking to enforce a claim legal or equitable must present to the court, either by the pleadings or proofs, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such practice were permissible.'

"This statement, however, is qualified by the following, . . .:

" '*But this principle does not require distinct causes of action—that is to say, distinct matters—each of*

*which would authorize by itself independent relief, to be presented in a single suit, though they existed at the same time and might be considered together.'"* United States v. *The Haytian Republic* (1894), 154 U. S. 118, 125, 14 S. Ct. 992.

This precise question as applied to divorce cases has been determined to be that the adjudication of one ground or right as given by statute is not a bar to other grounds for divorce by Florida, Massachusetts and New Hampshire. The Supreme Court of Florida applied the same test as we have in the instant case as to the identity of causes of action and arrived at the result in the following manner: "Where the second suit is upon the same cause of action and between the same parties as the first, the final judgment in the first suit upon the merits is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit. When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first suit, and the first judgment is not conclusive as to other matters that might have been, but were not, litigated or decided. The test of the identity of causes of action, for the purpose of determining the question of *res judicata,* is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment. *Fulton* v. *Gesterding,* 47 Fla. 150, 36 So. 56; *Harrison* v. *Remington Paper Co.,* 3 L. R. A. (N. S.) 954,

140 Fed. 385, 5 A. & E. Ann. Cas. 314; *Rowell* v. *Smith,* 123 Wis. 510, 102 N. W. 1, 3 A. & E. Ann. Cas. 773; *Draper* v. *Medlock,* 122 Ga. 234, 50 S. E. 113, 2 A. & E. Ann. Cas. 650; *Russell* v. *Place,* 94 U. S. 606; *De Sollar* v. *Hanscome,* 158 U. S. 216, text 221; *Thompson* v. *N. E. Bushnell Co.,* 80 Fed. 332; *Rogers* v. *Higgins,* 57 Ill. 244." *Prall* v. *Prall* (1909), 58 Fla. 496, 505, 50 So. 867.

To constitute an estoppel by former judgment the precise point which is to create the estoppel must have been put in issue and denied. *Smith* v. *Sherwood* (1822), 4 Conn. 276; *Abbe* v. *Goodwin* (1829), 7 Conn. 377; *Citizens Loan & Trust Co. of Washington, Ind. et al.* v. *Sanders et al.* (1934), 99 Ind. App. 77, 187 N. E. 396; *Faught et al.* v. *Faught* (1884), 98 Ind. 470; *Bereolos* v. *Roth* (1924), 195 Ind. 425, 145 N. E. 545; *Knotts* v. *Clark Construction Co.* (1921), 191 Ind. 354, 131 N. E. 921, 132 N. E. 678.

A judgment is conclusive by way of estoppel only as to those facts which were necessarily within the issues presented and without proof of which the judgment would not have been rendered. Facts in controversy bearing such relation to the judgment rendered are the only ones which can in any legal sense be said to have been litigated in any judicial proceeding. *Eastman* v. *Symonds* (1871), 108 Mass. 567, 569. If a material issue which is not merely collaterally in question or incidentally cognizable is contested in a court of competent jurisdiction and determined by a final judgment on the merits it will be at rest as between the adverse parties and their respective privies, in all other judicial proceedings. Van Fleet on Former Adjudication, Vol. 1, page 512. The decree introduced in the trial being between the same parties as those in the present action is binding and conclusive upon them in this suit in regard to all matters shown to have been put in issue or to have been necessarily involved in the former suit

and actually tried and determined. In regard to matters not then in controversy and not heard and determined although it is conclusive so far as the final disposition of that cause is concerned it is not conclusive to prevent a determination of them according to the truth if they are subsequently controverted in a different case. The judgment is conclusive as evidence and may be pleaded as an estoppel only as to those matters which were put in issue and determined. *Watts* v. *Watts* (1894), 160 Mass. 464, 36 N. E. 479. Issues which are not material to the controversy although determined do not become *res adjudicata*. *Van Fleet, supra,* page 543.

Although a decree in expressed terms professes to affirm a particular fact yet if that fact was not material, the controversy did not turn upon it, and the decree will not conclude the parties in reference to it. *People* v. *Johnson* (1868), 38 N. Y. 63.

The plea of *res judicata* is not available to parties in an action unless the judgment set up was rendered upon issues between them. There must have been a controversy between the parties, the questions in which were or might, within the issues formed, have been competently adjudicated. *Beveridge* v. *New York E. R. Co.* (1889), 42 Hun. (N. Y.) 656, 19 N. E. 489.

The statement has been made many times, by courts, that adjudication is final and conclusive not only as to the matter actually determined but as to every other matter which the parties might have litigated and had decided incident to or essentially connected with the subject matter and litigation and every matter coming within the legitimate purview of the original action, both in respect to matters of claim or defenses. Such statement, when applied properly and held within certain definite and specific limits is substantially correct, but in the last analysis that is no more than an attempt to condense the doctrine of *res judicata* into a single

sentence and it omits many of the important qualifications and without specifically defining the words as used as to their particular meaning. After all is said and done all that can be meant by such an expression is that the judgment is conclusive upon the *issues* made and tendered and upon everything that might have been used in behalf of or against such particular *issues*. A plaintiff might have alleged the violation of other rights along with that alleged in his original complaint but in the absence of a specific allegation of a violation of these rights and in the absence of any pleading on behalf of the adverse party demanding a determination upon such issues they can not be said to have been adjudicated in such action and since they were not tendered or adjudicated they can not be said to be a bar to any subsequent action between the same parties.

"The first suit between the parties was for a divorce upon the statutory ground of 'habitual indulgence by defendant in violent and ungovernable temper.' While the trial court granted the divorce upon the allegations and proofs, this court, on appeal, held the allegations of facts to be insufficient to state a cause of action, as the conclusions of law stated in the bill of complaint were not sustained by the fact alleged, and also held that the proofs were insufficient to warrant a decree of divorce. The bill was ordered to be dismissed. The decree in the former suit is, therefore, conclusive only as to the material facts alleged and shown therein. *Prall* v. *Prall,* 56 Fla. 521, 47 So. 916. See also *McKinnon* v. *Johnson,* 57 Fla. 120, 48 So. 910, and authorities there cited.

"This second suit between the same parties as plaintiff and as defendant is for a divorce upon the statutory grounds of 'extreme cruelty by the defendant to complainant,' and of 'wilful, obstinate, and continued desertion of the complainant by the defendant for one year.'

It is consequently not for the same cause of action." *Prall* v. *Prall* (1909), 58 Fla. 496, 505, 50 So. 867.

The Supreme Court of New Hampshire in *Rand* v. *Rand* (1879), 58 N. H. 536, determined that a judgment denying a decree on the ground of extreme cruelty was not a bar to a subsequent suit on the ground of abandonment. The court therein said (p. 536) : "The refusal of a divorce in the former suit was not an adjudication of the cause alleged in this case, and the former judgment does not estop the plaintiff from using the evidence offered by her in support of the allegations in this case." See also *Lea* v. *Lea* (1868), 99 Mass. 493.

Conceding that it would be highly desirable if all of the grounds for divorce should be alleged in one action we are not at liberty to arrive at this result by judicial interpretation. The legislature has said by not providing otherwise that the grounds for divorce may be presented in separate suits and until they say specifically that all grounds for divorce must be presented in the same action they may be and should be tried separately. The great weight of authority and the better reasoned cases throughout the country where this question has been presented are in accord with my views here. See *United States* v. *The Haytian Republic, supra.* This is purely a legislative matter. However advantageous it might be, so far as expediting litigation is concerned, courts do not have the inherent power to take away rights that have been established by legislatures and until our legislature has said that these various grounds for divorce must be combined in one action we should not attempt to invade the legislative field. It is, therefore, my opinion, in which my colleague, Wiecking, J., concurs, that the adjudication of the question of abandonment was not a bar to the second suit where the complaint alleged cruel and inhuman treatment.