Town of Clarksville *v.* Ohio Falls, etc., Mfg. Co.—56 Ind. App. 198.

subscribers. Judgment reversed, with directions that the court sustain appellants' exceptions to the receiver's report and render judgment in conformity with this opinion.

Note.—Reported in 105 N. E. 59. As to misrepresentation by corporation for which subscriber to stock may rescind, see 136 Am. St. 748. As to the rescission of subscriptions to stock for fraud and misrepresentation, see 33 L. R. A. 721. See, also, under (1, 2, 3) 10 Cyc. 437.

## Town of Clarksville *v.* The Ohio Falls Hydraulic Manufacturing Company et al.

[No. 8,804.  Filed April 30, 1914.]

1.  APPEAL.—*Briefs.—Sufficiency.*—To be sufficient to present the errors relied on, appellant's briefs must comply with Rule 22 which requires that they shall contain, under separate headings of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with authorities relied on in support of them.  p. 199.
2.  PLEADING.—*Waiver of Objections. — Cross-Complaint.* — Where former adjudication is pleaded on the theory that the matters in issue were adjudicated on the issue tendered by a cross-complaint in a former action, an objection that such cross-complaint was not germane to the action in which it was filed and the proceedings thereon were illegal and void, must be deemed to have been waived by a joinder of issues on such cross-complaint.  p. 202.
3.  JUDGMENT.—*Conclusiveness.—Former Adjudication. — Parties.*— An adjudication to be valid need not necessarily be between the same parties, but is binding alike upon the parties and their privies; hence an adjudication in favor of defendant of the issue of title tendered by its cross-complaint was binding upon the plaintiff in that action without making defendant's lessees parties to such cross-complaint, and is conclusive against such plaintiff in a subsequent action against defendant and its lessees involving the title to the same land.  p. 203.
4.  JUDGMENT.—*Former Adjudication.—Parties.*—Former adjudication is conclusive, even though the plea or form of the action is not the same in each suit, if it appears that the particular controversy was in issue and adjudicated between the same parties or their privies.  p. 203.
5.  JUDGMENT.—*Former Adjudication.—Parties.*—A plea of former adjudication is good as between persons who were parties to both

suits, though there may have been other parties to one of such suits. p. 204.

6. JUDGMENT.—*Scope and Effect.*—A judgment settles all issues between the parties and their privies, which might have been properly litigated within the issue tendered or made by the pleadings. p. 204.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by the Town of Clarksville against The Ohio Falls Hydraulic Manufacturing Company and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Laurent A. Douglass* and *H. W. Phipps*, for appellant.
*M. Z. Stannard* and *Jonas G. Howard, Jr.*, for appellees.

FELT, J.—Appellant filed an amended complaint in five paragraphs against appellees, in each of which facts were alleged to show that appellant was the owner, or entitled to the use and control of certain lands, lying between the town of Clarksville, Indiana, and the Ohio River, which lands were a part of what was known as the "Clarksville slip". Each paragraph was answered by general denial and by five paragraphs of affirmative answer, which included pleas of former adjudication, as to each paragraph and the statute of limitations. A demurrer for want of facts was overruled to each paragraph of affirmative answer and issues were joined thereon by reply in general denial. Trial by court, with a finding of facts made upon due request, on which conclusions of law were stated in favor of appellees. Appellant made a motion for a new trial, on various grounds, which motion was overruled.

Appellant has assigned eighteen separate specifications of error.

Under the heading, "Propositions", in its briefs, appellant states twenty-seven abstract propositions of law without in any way indicating the particular error to 1. which any one of the propositions is applicable. However, by a liberal construction of appellant's briefs aided by the briefs of appellees, we are able to de-

termine from all the briefs the question of former adjudication. As to all other questions, appellant's briefs do not comply with Rule 22, which requires the briefs to contain, under separate headings, of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with authorities relied on in support of them. The rule is plain and unambiguous and is intended to promote the disposition of the business of the court, by taking up separately each error relied on, and stating and numbering such propositions or points thereunder as counsel may consider advisable and helpful, with any authorities deemed in point upon the propositions or points so stated. *Wolf* v. *Akin* (1914), 55 Ind. App 589, 104 N. E. 308; *Curry* v. *City of Evansville* (1914), *ante* 143, 104 N. E. 978, and cases cited.

This case is interesting from an historical point of view, but we will confine our statements to the facts necessary to an understanding of the legal question to be determined. Clarksville, Indiana, comprises 1,000 acres of land which is part of 150,000 acres granted by the state of Virginia in 1783, to George Rogers Clark and certain officers and soldiers. Between the platted lots and the Ohio River there was a strip of unplatted land, containing about thirty-three acres known as the "Mill slip" or "Clarksville slip". Certain trustees were named in the grant, who in March, 1803, upon application of George Rogers Clark, granted to William Clark, certain rights and privileges of the "Mill slip" for opening a canal, and the erection of mills, wharves, and other structures of public utility for which he was to pay certain tolls. In 1810, the Territorial Legislature passed an act declaring that certain named grantees or assignees of said Clark should be taken and held to be the legal and equitable proprietors of the "Mill slip", subject to the conditions under which it was granted. After numerous transfers, that part of the "slip" involved in this suit was transferred to appellee company, in 1870. In 1873,

NOVEMBER TERM, 1913. 201

Town of Clarksville *v.* Ohio Falls, etc., Mfg. Co.—56 Ind. App. 198.

the owners executed to Lewis Smyser a lease for 99 years of a portion of the "Mill slip". The appellees, Richard O. and Jesse M. Gathright, afterwards acquired the leasehold estate. About 1881, there was a proceeding before the board of trustees of the town of Clarksville by which a resolution was passed releasing to the owners of the leasehold estate all the claims of the town and the board of trustees thereof to any tolls, percentage, royalty or other claims upon or arising out of the milling, water power, canal or hydraulic privileges aforesaid, present and prospective. The property in controversy was assessed by the town to appellee company for taxes and it paid the taxes thereon.

The court found that the Ohio Falls Hydraulic Manufacturing Company is a corporation of the State of Indiana and that appellees, Richard O. Gathright and Jesse M. Gathright, are lessees of the company; that in 1890, appellant instituted suit in the Clark Circuit Court against appellee company and the owners of the leasehold interest to collect certain tolls alleged to be due the town by reason of the provisions of the grant of the "Mill slip" as aforesaid, which suit was known as cause No. 2655; that in that suit, appellee company filed its cross-complaint against appellant in which it averred that it was the owner in fee simple of the real estate, the same being the identical property involved in this suit; that issues were duly joined on the complaint and on the cross-complaint, and thereafter on March 17, 1896, judgment was duly rendered in the cause against appellant on its complaint and in favor of appellee company on its cross-complaint, quieting the title to the real estate; that on September 13, 1900, appellee company filed a complaint against appellant, same being cause No. 5854 in the court, in which complaint appellee company asked damages from appellant for the removal of soil, stone and gravel from a part of the property and for a perpetual injunction, enjoining appellant from entering on the property and removing soil, gravel, stone and other material there-

202    APPELLATE COURT OF INDIANA,

Town of Clarksville *v.* Ohio Falls, etc., Mfg. Co.—56 Ind. App. 198.

from; that it was alleged in the complaint that appellee company was then and for more than twenty years prior thereto had been the owner in fee, and in the possession of the real estate, which was the identical real estate involved in this suit; that issues were joined in the suit, and it was also agreed by the parties thereto that all defenses might be heard under the general denial; that the cause was tried by the court, and a general finding for appellee company was made, including a finding that it was the owner in fee simple of the real estate and accordingly a judgment was rendered thereon December 12, 1901, against appellant for $59.85 and for a perpetual injunction enjoining the town trustees and marshal and their successors in office and all the town's agents, servants and employes from entering upon the land and removing therefrom soil, gravel, stone and other materials.   No appeal was taken from either of the judgments and they remain in full force and effect.

Appellees contend that in the former suits all matters pertaining to the title, use, control and tolls of the real estate now in controversy, including the validity of the release of tolls by appellant, have been fully and finally adjudicated, and appellant is bound by such adjudication.   Appellant contends that inasmuch as the suit in cause No. 2655, was for the collection of money due as tolls under the grant to William Clark, the proceedings upon the cross-complaint by which appellee company's title was quieted were illegal and void.   Also that the cross-complaint was filed by appellee company against appellant alone, and that appellee company's coappellees were not parties to the cross-complaint.   There is therefore no question of the identity of the subject-matter of the former suits with that of the case at bar.   While a cross-complaint should present an issue germane to the cause of action presented by the complaint, we are inclined to the view that the cross-complaint to quiet title to the real estate, for the use of which appellant sought to collect tolls and charges, was

NOVEMBER TERM, 1913.        203

Town of Clarksville v. Ohio Falls, etc., Mfg. Co.—56 Ind. App. 198.

within the rule. *Bradford* v. *McBride* (1912), 50 Ind. App. 624, 627, 96 N. E. 508. But if we are in error in this conclusion, appellant can obtain no benefit in this suit, because of any irregularity in the proceedings on the cross-complaint, for the reason that it failed to question the same in any appropriate way in the former suit. The record as presented here shows no objection, but does show that appellant joined issue upon the cross-complaint on which the title was quieted. Any objection that might have been successfully urged on the ground that the cross-complaint was not germane to the cause of action stated in the complaint is therefore waived. *Bradford* v. *McBride, supra,* 628.

In the former suit the finding and judgment were against appellant both on the issue involving the right to collect tolls presented by the complaint, and upon the issue of title presented by the cross-complaint. The co-appellees of the Ohio Falls Hydraulic Manufacturing Company were the holders of the leasehold estate and did not claim title to the property. Appellant in its pleadings also charged that they were only lessees of the property. An adjudication to be valid need not necessarily be between the same parties, but is binding alike upon parties and their privies. The issues on the cross-complaint were so framed as to present the issue of appellee company's absolute ownership of the property free from any right, claim, or encumbrance of appellant inconsistent with such absolute ownership. The judgment in favor of the owner and lessor, appellee company in this suit, was therefore binding upon appellant, without making the lessees parties to the cross-complaint upon which the title was quieted. The plea, or form of action, need not be the same in each suit. It is sufficient to show that the particular controversy was in issue and adjudicated between the same parties or their privies. *Mitten* v. *Caswell-Runyan Co.* (1913), 52 Ind. App. 521, 529, 99 N. E. 47; *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 432, 79 N. E. 367.

It has been held that a plea of former adjudication 5. is good as between persons who were parties to both suits though there may have been other parties to one of such suits. *Wilson* v. *Buell* (1889), 117 Ind. 315, 318, 20 N. E. 231; *State, ex rel.* v. *Krug* (1884), 94 Ind. 366, 370; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 272, 49 N. E. 1050; *Richardson* v. *Jones* (1877), 58 Ind. 240; *Board, etc.* v. *Beaver* (1901), 156 Ind. 450, 456, 60 N. E. 150.

Furthermore it has been held many times that a 6. judgment settles all issues between the parties, and their privies, which might have been properly litigated within the issue tendered or made by the pleadings. *Mitten* v. *Caswell-Runyan Co., supra,* 525.

From a consideration of all the pleadings filed in the former suits and the judgments rendered therein, we are convinced that every question presented in this case was adjudicated in the former suits and that appellant is bound by such adjudication. Judgment affirmed.

NOTE.—Reported in 105 N. E. 67. As to the persons and matters concluded by a judgment, see 15 Am. St. 142. See, also, under (1) 2 Cyc. 1013; (2) 31 Cyc. 719; (3) 23 Cyc. 1253; (4) 23 Cyc. 1221; (5) 23 Cyc. 1242; (6) 23 Cyc. 1295.