## BEREOLOS *v.* ROTH.

[No. 9,900. Filed October 7, 1919. Rehearing denied January 29, 1920. Transfer denied November 12, 1920.]

1. LANDLORD AND TENANT.—*Lease for 10 Years Invalid.—Tenancy from Year to Year.*—Under §8054 Burns 1914, §5208 R. S. 1881, if irregularities in the ·execution and record of the lease under which the tenants were placed in possession rendered the same invalid for the term of ten years provided for thereby, only a tenancy from year to year was created. p. 103.

2. LANDLORD AND TENANT.—*Leases.—Construction Where One Named Tenant Fails to Sign.*—Where a lease to four was prepared, but was signed by only three, who were put in possession thereunder, the appearance in the body of the lease of the name of the one not signing did not make him a party thereto, and the contract as finally completed was only the contract of the landlord and the three persons placed in possession, and the failure of the one to sign did not change the character of the lease from being one for a term of ten years to that of a general tenancy. p. 103.

3. LANDLORD AND TENANT.—*Lease for More Than Three Years.—Scope of Validity When Unacknowledged.—Construction of Statutes.*—Sections 3947, 3957, 3965, 3985, 3987, 3962, 3963 Burns 1914 (§§2919, 2926, 2933, 2950, 2952 R. S. 1881, Acts 1913 p. 233, Acts 1897 p. 162) must be construed *in pari materia,* and when so construed it is apparent that an unacknowledged and unrecorded lease for a longer term than three years is valid as between the parties and as against persons having notice thereof. p. 104.

4. LANDLORD AND TENANT.—*Leases.—Assignment.—Substitution of Tenant.*—Where an assignment of lease provided that

the assignee assumed all obligations of the lease and agreed to hold the assignor lessees harmless, to which the lessor indorsed his consent and acceptance, the assignee was placed in the position of the original lessees, with the burden of all obligations assumed by them, including the payment of the stipulated rent. p. 105.

5. APPEAL.—*Newly-Discovered Evidence.—Evidence Not in Record.—Review.*—Where the evidence given on the trial is not in the record, the refusal to grant a new trial on the ground of newly-discovered evidence cannot be considered. p. 105.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Louis Roth against Gust P. Bereolos. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. J. Whinery,* for appellant.

*George B. Sheerer* and *John H. Gillett,* for appellee.

REMY, J.—Appellee Roth agreed to lease certain real estate to Kastrisias, Baltagis, G. K. Stratigos and S. Stratigos for a term of ten years, at a monthly rental of $190 in advance, the lease to be nonassignable except upon the written consent of the lessor. On October 5, 1914, the agreement was reduced to writing, and was signed by all the parties excepting S. Stratigos, but the signatures were not acknowledged before a notary or other officer authorized to take acknowledgments. The lease, however, was recorded in the miscellaneous records of the county where the real estate was located. The three persons named as lessees who had signed the instrument were given immediate possession of the premises, and continued in possession until January 13, 1915, when the lease was assigned to appellant, the indorsements on the lease being as follows:

"Hammond, Indiana, 1/13/15.
For value received the within lease is hereby assigned to Gust Bereolos. He to and does assume all obligations and responsibilities of same, and hold the assignees harmless.
Signed: A. Kastrisias, G. Baltagis, G. K. Stratigos, S. Stratigos, by G. K. Stratigos."

"1/13/15
I hereby consent to the above assignment, and ac-
cept the provisions.

Louis Roth<br>Gust P. Bereolos."

Through the mistake of the scrivener, the word "as-
signees" was written in the assignment instead of
"assignors." Appellant took possession under and by
virtue of the lease and assignment, and paid all monthly
installments of the rent until May 1, 1915, and so re-
mained in possession until April 12, 1915, at which time,
without the knowledge or consent of appellee, he sold
and, by a written instrument, duly assigned the lease
to one Kilavos, who paid the rent for the months of
May and June and a part of the rent for July, 1915,
but appellee at no time knew that Kilavos was, or
claimed to be, the assignee of the lease. A portion of
the rent for July, and all of the rent for August and
September of that year was not paid, and this action
was commenced to recover the same. The action was
based upon the lease and the contract of assignment
to appellant.

By a special finding, the court trying the cause found
the above facts, and stated its conclusions of law. Con-
clusions Nos. 1, 2 and 3 are as follows: "(1) That the
lease sued upon is a valid and binding contract between
the parties thereto for the period of ten years upon the
terms and condition as in said lease set out, and satis-
fied the statute of frauds by being in writing. (2)
That the defendant Gust Bereolos, by virtue of the writ-
ten assignment and consent indorsed on said lease,
signed by the lessor, the lessees and said defendant, as
set out in the foregoing special findings, was substituted
as, and became the lessee under said lease, and is bound
by the terms and conditions thereof and may not as-
sign the same without the written consent of the lessor.

(3) That said assignment indorsed on said lease should be and the same is hereby córrected in this, to wit: that the word 'assignee' be and the same is stricken out, and the word 'assignors' inserted in its place." Number 4 is a statement of the amount of rent unpaid and due for the months of July, August and September, 1915, being the amount demanded in the complaint.

Appellant's motion for a new trial was overruled, and judgment was rendered in accordance with the court's conclusions of law. The errors assigned and relied on for a reversal are that the court erred in each of its conclusions of law, and in overruling the motion for a new trial.

It is appellant's first contention that, inasmuch as the lease was not signed by S. Stratigos, one of the lessees named in the body of the lease, and since the lease

1. was not formally acknowledged before an officer by those who did sign, therefore, under the statutes of this state, it is invalid to create a tenancy for a term of ten years, but instead is only valid to create a tenancy from year to year. Only a tenancy from year to year was created if the alleged irregularities in the execution and record of the lease rendered the same invalid for a term of ten years. §8054 Burns 1914, §5208 R. S. 1881. The effect of these irregularities is therefore the question first presented.

The mere fact that S. Stratigos' name appeared in the body of-the lease as one of the lessees did not make

2. him a party thereto. The contract as finally completed was only the contract of appellee and the three persons named as lessees who were placed in possession of the premises. *Dillon* v. *Anderson* (1870), 43 N. Y. 231. The failure of S. Stratigos to execute the contract did not change its character from that of a lease for a term of ten years to that of a general tenancy.

Whether or not the fact that the lease was not acknowledged changed the character of the instrument as between the parties thereto, or between the
3. lessee and the assignee, involves the construction of certain statutes. The statutes of this state (§§3947, 3957, 3965, 3985, 3987 Burns 1914, §§2919, 2926, 2933, 2950, 2952 R. S. 1881; §§3962, 3963 Burns 1914, Acts 1913 p. 233, Acts 1897 p. 162) require that every lease for real estate for a term of more than three years shall be acknowledged before an officer authorized to take acknowledgments, and be recorded in the miscellaneous records in the recorder's office of the county where the land described in the lease is situated. Section 3957, *supra,* also provides that no lease for more than three years from the making thereof shall be valid "against any person other than the grantor, his heirs and devisees, and persons having notice thereof," unless made by deed recorded within the time and in the manner provided by law. Section 3962, *supra,* further provides that every lease for more than three years shall be fraudulent and void "as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration, having his deed, mortgage or lease first recorded." Section 3947, *supra,* provides as follows: "Conveyances of land or any interest therein, shall be, by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney, except *bona fide* leases for a term not exceeding three years." Section 3965, *supra,* provides that a lease shall not be entitled to record unless it is acknowledged before an officer authorized to take acknowledgments, and the courts have held that the record of an instrument conveying an interest in real estate, which instrument, if not acknowledged is not notice to any one who is without actual knowledge. *Bledsoe* v. *Ross* (1915), 59 Ind. App. 609, 109 N. E. 53. All of these statutory provi-

sions must be construed as *in pari materia,* and when so construed it is apparent that an unacknowledged and unrecorded lease for a longer term than three years is valid as between the parties, and as against persons having notice thereof. *Mays* v. *Hedges* (1881), 79 Ind. 288, 292; *Hubble* v. *Wright* (1864), 23 Ind. 322. It follows that as between appellee and the three persons who executed as lessees, and to whom possession of the premises was given, the instrument in controversy was a valid lease for a term of ten years.

Appellant's liability as assignee of the lease is the next question for our consideration. The transfer of the lease to appellant is not in the form in which 4. such assignments are usually made. Therefore decisions of the courts growing out of controversies based upon such assignments are not controlling. The assignment of the lease in this case specifically provides that the appellant is to "assume all obligations and responsibilities of the same and hold the assignors harmless." This written assignment by the lessors is followed by the further indorsement, "I hereby consent to the above assignment, and accept its provisions," which is signed by both appellant and appellee. The language is clear and the meaning certain. By this assignment and acceptance the parties intended to, and did, place appellant in the position of the original lessees, with the burden of all obligations assumed by them, including the payment of the stipulated rent. *Consumers' Ice Co.* v. *Bixler & Co.* (1896), 84 Md. 437, 35 Atl. 1086. The court did not err in its conclusions of law upon the special findings of fact.

The remaining question is the alleged error of the court in overruling appellant's motion for a new trial. The only reason assigned and presented is that 5. of newly-discovered evidence. The evidence given upon the trial is not in the record. Under

such circumstances, the refusal to grant a new trial on the ground of newly-discovered evidence cannot be considered. *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996, and cases cited. Judgment affirmed.

McMahan, J., absent.