### BEREOLOS *v.* ROTH.

[No. 24,037. Filed December 3, 1924.]

1. JUDGMENT.—*Former Adjudication.—Same Issues.—Between Same Parties.*—A judgment for the plaintiff in an action by a lessor against an assignee of the lessee for installments of rent then due, where the defendant questioned the validity of the lease as to him and the effect of his assignment of the lease to another with the consent of the lessor, is binding on the parties in all future actions for subsequent installments of rent under the same lease, and the defendant cannot raise the same questions in such subsequent actions. p. 426.

2. JUDGMENT.—*Res Judicata.—Application.*—The rule of *res judicata* is applicable where the same facts were in issue in an action between the same parties, the existence or non-existence thereof being conclusively established in all future actions between them. p. 426.

3. VENUE.—*Change of.—Application for.—Rule of Court.—Validity.*—A rule of court that applications for change of venue must be filed at least three days before the cause is first set for trial is valid and enforceable. p. 429.

4. VENUE.—*Change of.—Application for.—Time of Filing.—Rule of Court.*—A rule of court that an application for a change of venue shall be filed at least three days before the cause is first set for trial, except when the reasons for the change were not known to the applicant until afterward, and then the application must be made as soon as possible after the discovery thereof, should be enforced against an applicant

who did not file his application until 42 days after discovery of the alleged reasons for a change, and no excuse for the failure to present the application earlier is shown.   p. 429.

5.  EVIDENCE.—*Transcript of Proceedings in Prior Action.—Authentication.—Sufficiency.*—A certificate to a transcript of the proceedings in a former action that it contains full, true, correct and complete copies of all papers, record entries and the final judgment was sufficient to justify its admission in evidence.   p. 432.

From Lake Circuit Court; *George E. Hershman,* Special Judge.

Action by Louis Roth against Gust P. Bereolos. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*William J. Whinery,* for appellant.

*John B. Peterson, George B. Sheerer* and *G. C. White,* for appellee.

EWBANK, J.—Appellee sued appellant in the Superior Court of Lake County, Indiana, to recover certain monthly installments of rent for a described building, alleged to be due under a written lease.

The complaint set out a copy of the lease by which plaintiff (appellee) demised the premises for a term of ten years from October 5, 1914, to four persons therein named, only three of whom signed the lease, and a copy of the assignment thereof in writing by such lessee to defendant (appellant), and a copy of his acceptance in writing of the assignment and its provisions. And it alleged, in substance, that at the time the lease was executed, the lessees were put in possession, and that at the time of the assignment, defendant was put in possession, but that, after payment of certain monthly installments of the rent, he had ceased paying, and that a named sum was due and unpaid. Supplemental complaints were afterward filed as later installments of rent came due.   The defendant filed an

answer, the first paragraph of which was a general denial, while the second alleged that on April 12, 1915, he, the defendant, sold and assigned his leasehold interest to Nick Kilavos, and delivered possession of the leased premises to him with the knowledge and consent of the plaintiff (appellee), and that thereupon plaintiff accepted said Kilavos as his tenant under the lease and accepted the rent from him and released defendant, and that none of the rent sued for had accrued since said date; and a third paragraph alleged that the lease was never acknowledged before an officer authorized to take acknowledgments of conveyances, and also alleged the same facts which were pleaded in the second paragraph of answer, with the further allegation that plaintiff had assented to the first assignment of the lease from the original lessees to defendant without any reservation of the right to object to a further assignment by defendant to Nick Kilavos. To this answer, plaintiff filed a reply of three paragraphs. The first was a general denial; the second pleaded facts relied on as constituting an estoppel, and the third alleged that in September, 1915, plaintiff had sued defendant to recover the monthly installments of rent for his building under the lease in question that had then accrued and were overdue; that the facts alleged in the complaint in that action as to the lease and the assignment thereof were the same as in the complaint in this action; that defendant entered his appearance and filed an answer, setting up substantially the same facts pleaded in the answer in the case at bar, and that plaintiff filed a reply alleging substantially the same facts which are alleged in his second paragraph of reply in this action, the former answer and reply being set out in full; that a demurrer to said reply was overruled, and the issues thus joined were submitted for trial; that, upon proper request, the court trying that case made a special find-

ing· of facts (also recited in full) by which it found
that by his acceptance of the assignment of the lease,·
defendant became bound as lessee to pay the rent stipu-
lated for in the lease, that the lack of an acknowledg-
ment did not affect the binding force of the lease, and that
defendant's attempted assignment to Nick Kilavos did
not release him from his obligation to pay the rent
as it should accrue during the ten year term. Also,
that the parties to that action and this one were identi-
cal, and the rent therein sued for was for the same
premises under the same lease and assignment thereof,
differing only in the fact that it was for other months
of the same term, and that the judgment in that action
adjudicated all the issues joined on the pleadings in
this one, and that, on appeal to the Appellate Court, it
was affirmed. A demurrer to this paragraph of reply
having been overruled, the cause was submitted for
trial, when the defendant introduced and read in evi-
dence a certified transcript of the record in the former
action, by which the former adjudication alleged in the
third paragraph of reply was proved, substantially as
alleged. The pleadings, special finding and judgment,
as so proved, are set out in the opinion of the court in
*Bereolos* v. *Roth* (1919), 74 Ind. App. 100, 124 N. E.
410, and they show that the questions as to the validity
of the lease, its binding force as a contract entered into
by defendant, and the effect of his assignment to Nick
Kilavos were all in issue in that case, and were adjudi-
cated against defendant. This being true, he is bound
by the judgment of the court as to such matters, and
cannot now be heard to deny that the lease and assign-
ment constitute a valid and binding obligation on his
part to pay rent for the building at the agreed rate
during the term of ten years from October 5, 1914,
and that he was not released by his own assignment
to Kilavos. When a fact has once been in issue in an

action between parties whose rights it would affect, and has been decided by a final judgment of a court having jurisdiction, the decision is binding upon such parties, and the existence or nonexistence of the fact, as so adjudged, must be deemed conclusively established in all future actions between them. *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367; *Town of Clarksville* v. *Ohio Falls, etc., Mfg. Co.* (1914), 56 Ind. App. 198, 105 N. E. 67.

Appellant invokes the rule which has been applied where the court in deciding an appeal had declared the law that must govern under the facts then assumed to exist, and the same case was again appealed upon evidence showing the existence of an entirely different state of facts; and he cites the case of *Alerding* v. *Allison* (1908), 170 Ind. 252, 260, 83 N. E. 1006, 127 Am. St. 363. But the rule there declared is not applicable where the facts were in issue and a final judgment was rendered that determined just what the facts were. After such a final decision, appellant will not again be heard to say that the facts are different from what the court adjudged them to be.

But appellant also complains of certain rulings denying his several requests for a change of venue. This action was commenced in the Superior Court of 3, 4. Lake county, Indiana, on December 9, 1915. Nothing was done in the case except to file a supplemental complaint for further installments of accruing rent until November 27, 1917, when the record recites that "by agreement of the parties hereto this cause is now certified to the Lake Circuit Court to be tried before the Honorable Willis C. McMahan, and the clerk of this court is ordered to transfer all papers, together with a transcript of all entries in said cause, to said court, and said parties also further agree that there shall be no change of venue from the county in this

cause." The next that was done in the case was thir-
teen months later, when defendant (appellant) filed his
answer, and after the lapse of three weeks more, on
January 1, 1919, Judge McMahan ceased to be judge
of the Lake Circuit Court, having been elected to the
Appellate Court of Indiana. A second supplemental
complaint for additional monthly installments of accru-
ing rent was filed on January 13, 1921, but nothing
more appears to have been done in the case until Feb-
ruary 11, 1921, when defendant filed an affidavit,
alleging in general terms that he could not have a fair
and impartial trial in the county of Lake for the statu-
tory reasons (subd. 3, §422 Burns 1914, §412 R. S.
1881), and asking that the venue be changed to some
other county. Three days later, by leave of court, plain-
tiff withdrew his second supplemental complaint, and
after amending it so as to cover only the installments
of rent alleged to have accrued up to the end of the
year 1920, with attorney fees, refiled it the same day.
After sixteen days more, on March 4, he filed his reply,
one paragraph of which was a general denial, while
the second pleaded an estoppel and the third pleaded
former adjudication, as set out above. A week later,
on March 11, defendant filed a second affidavit for a
change from the county, in which he alleged the same
statutory reasons as before, and also that, when he en-
tered into the agreement above mentioned, it was with
the understanding that the cause would be tried imme-
diately before the Honorable Willis C. McMahan, but
that Judge McMahan was no longer the judge of the
Lake Circuit Court, and therefore the purpose and ob-
ject of the transfer had failed; that at the time of such
transfer by agreement of parties, he did not know that
plaintiff had an undue influence over the citizens of
Lake county nor that an odium attached to his defense
in said county because of local prejudice, but that such

a condition has arisen since the said transfer and he has since learned of it. But he did not suggest when he learned those facts, except that it was since the cause was transferred by agreement to the Lake Circuit Court more than three years before. Both of his said motions for a change of venue were thereupon overruled "because," says the record, "the same do not comply with Rule 14 of this (the circuit) court, and because of agreement made of record in this cause." Two weeks later, on March 25, defendant filed "an amended affidavit for a change of venue," which stated the same facts that had been stated in his second affidavit, with the further averments that he did not know the odium attaching to his defense existed, nor that plaintiff had an undue influence over the citizens of Lake county until on or about February 11, 1921, when he immediately, as soon as possible, prepared and filed a motion for a change of venue, and on March 4, filed a second affidavit, as has been stated above. This motion was also overruled, but the record does not state for what reasons. A bill of exceptions discloses that Rule 14 of the Lake Circuit Court was as follows: "Applications for change of venue from the county and motions for change from Judge must be filed at least three days before the cause is first set for trial. This will be the rule except when the reasons for the change are not known within the time specified above, and in such case the application must be made as soon as possible after such reasons have become known to the applicant, and this must be shown by affidavit," etc. (the rest of the rule relating to the particularity with which the affidavit shall state the facts relied on).

Appellant does not claim to have filed a motion for a change of venue more than three days before the cause was first set for trial, and it was not until March 25, that he filed an affidavit stating when he first

learned that causes for changing the venue existed, and that affidavit stated that he learned of their existence on February 11, seven weeks before it was filed. It was not filed until after the first and second motions for a change of venue had been overruled, and nothing which it contained could make rulings erroneous that were not erroneous when they were made. And the last affidavit failed to show an excuse for failure to present a proper motion for a change of venue until forty-two days after the causes were discovered, notwithstanding the rule. No reason is perceived for not holding the rule as above set out to be valid and enforcible, as applied to such a case as this. *Advance, etc., Co.* v. *Hornaday* (1911), 49 Ind. App. 83, 96 N. E. 784; *Fry* v. *Hoffman* (1913), 54 Ind. App. 434, 102 N. E. 167, 103 N. E. 15. And even if causes might arise which would release a party from his agreement, made in open court and entered of record, that no change should be taken from the county (as to which we decide nothing), no such causes are shown to have arisen in this case. No error was committed in refusing to grant a change of venue from the county.

A transcript of proceedings in the Lake Superior Court in a former action between the same parties, including the opinion of the Appellate Court affirming the judgment on appeal, was read in evidence, as above stated, and appellant complains that it was not properly authenticated. But a certificate of the clerk that it contained full, true, correct and complete copies of all papers and record entries and the final judgment in that cause was appended to the transcript. Counsel have not suggested any particular in which this certificate was insufficient and we perceive none.

Some other questions are presented by appellant's brief, but they were all adjudicated against him in the

former action. And since it clearly appears, without dispute, that they were so adjudicated, they require no further attention.

The judgment is affirmed.