CITIZENS LOAN AND TRUST COMPANY OF WASHINGTON, INDIANA, EXECUTOR ET AL. *v.* SANDERS ET AL.

[No. 14,651. Filed November 8, 1933. Rehearing denied February 23, 1934. Transfer denied June 14, 1934.]

*Kessinger & Hill, Turner, Seaberry & Springer, Padgett & Rogers,* and *Allen, Hastings & Allen,* for appellants.

*Curtis G. Shake, Joseph W. Kimmell,* and *Flavian A. Seal,* for appellees.

KIME, C. J.—The controversy involved in this appeal arises from proceedings, which are a part of the administration of the estate of William R. Meredith in the Daviess Circuit Court of Daviess County, Indiana, under his last will and testament.

William R. Meredith, a resident of Daviess County, Indiana, died testate on April 2, 1926, the owner of personal property and real estate. On April 6, 1926, his will was duly probated in said Court, and the Citizens Loan and Trust Company of Washington, Indiana, one of the appellants herein, is the executor thereof.

The will, after providing for the payment of debts and funeral expenses, the forgiveness of any notes or other indebtedness owing or outstanding against any relatives, and a bequest of $1,000.00 to Bridget Coyle, provides, by item 4 thereof, as follows:

"Item 4. The balance of my property of every kind, character and description, real and personal, I will and bequeath in fee simple to my first cousins and my second cousins living at my death. Hereby willing to each of my first cousins share and share alike twice the amount that I hereby will and bequeath to each of my second cousins, share and share alike. The intent being to will and bequeath to each of my first cousins living at my death double the amount hereby willed and bequeathed to each of my second cousins living at my death."

On September 7, 1931, the Sanders group, (the appellees here) filed their petition, as a part of the administration proceedings, to establish their heirship as first and second cousins of Meredith and for an order of distribution. There were four other groups of heirs, designated, according to their relationship, as the Gwinnup, Springer, Rodarmel, and Meredith groups.

After the filing of the above petition the four last mentioned groups filed their intervening petitions alleging that they were first and second cousins of Meredith

and that the parties to the Sanders group were not and asked to be made parties defendant to the petition of the Sanders group. This was accordingly done.

To the petition, the executor filed his answer in two paragraphs, the first being a general denial, and the second setting up a plea in bar or former adjudication. All other groups filed general denials and all groups, other than the Meredith group, filed a second paragraph almost identical with the answer of the executor. There were demurrers filed, by the Sanders group, to the three second paragraphs of answer. It is the ruling thereon that the appellants' claim was reversible error.

The second paragraph of answer alleged that in 1926 Gwinnup et al. filed a complaint in the Daviess Circuit Court, alleging that they were legatees and devisees of Meredith, and made certain parties defendant thereto and asked partition of the real estate owned by Meredith. That in 1928 while the cause was pending in the Pike Circuit Court, to which court the case had been venued, Sanders et al. (the appellees here) filed their petition to be made defendants and alleged that they were first and second cousins of Meredith and hence legatees and devisees under his will. This petition was granted and they were made defendants and filed their answer in two paragraphs and also filed a cross-complaint. In their second paragraph of answer they alleged that they were legatees and devisees as first and second cousins under item 4 of the will, as above set out, and were entitled to share in the real estate sought to be partitioned. The issues were closed upon the complaint of Gwinnup and the answer and cross-complaint of the Sanders group. That the trial court made special finding of facts and stated conclusions of law thereon and rendered judgment accordingly. That in the special finding of facts the trial court found that fifteen persons were related to Meredith, as his first cousins, and one

hundred thirty-six persons were related to him, as his second cousins. That under such finding it was determined that the Sanders group (the appellees here) were not first or second cousins and that they were, by the judgment of that court, adjudicated not to be legatees or devisees of Meredith under his will; that the appellees later filed a motion for a new trial, which was overruled, and an appeal taken to this court, by all of the other parties thereto. That no bond was ever filed by the Sanders group and no appeal was ever taken by them and that this court affirmed the judgment of the Pike Circuit Court. That the issue tried in the Pike Circuit Court was the same issue sought to be determined in this action, namely, whether or not the said petitioners, Sanders et al. were first and second cousins and, therefore, legatees and devisees of said Meredith, and entitled to a distributive share of that estate. That the Pike Circuit Court had jurisdiction of such matter and of the parties and that the judgment therein was upon and covered all the issues as presented in the action herein. That the Sanders group asserted an interest in the real estate on the ground of and by virtue of being first and second cousins of Meredith and in rendering judgment in the Pike Circuit Court it was necessary to determine and adjudge that such relationship did not in fact exist. That the judgment became final and is now valid and that the fact that said parties (the appellees here) were not first and second cousins of Meredith has been conclusively determined and adjudged by said former judgment.

Exceptions were taken to the sustaining of the demurrers following which the cause was submitted to the court for trial and trial was had upon the issues joined. The court found for the Sanders group, and that they were first and second cousins of Meredith and hence legatees under his will, and upon such finding the court

rendered judgment that three of this Sanders group were first cousins and the remainder were second cousins and, therefore, legatees and entitled to participate in the distribution of the personal property of the deceased. Following a motion for new trial, which was overruled, this appeal was perfected, assigning as error that the court erred in sustaining the demurrer of the Sanders group to the second paragraph of answer filed by the executor, by the Gwinnup and Springer groups and by the Rodarmel group. There was a motion to dismiss this appeal filed by the appellee, which is now overruled.

The question presented by the assignment of error is a pure question of law and that question is, "Are the appellees, the Sanders group, barred from participating in the personal estate of Meredith because of the former judgment of the Pike Circuit Court, which found, as a fact, that the appellees were not first or second cousins of the testator and rendered judgment accordingly?"

The principle of law invoked by the appellants is fundamentally one of *res adjudicata*. It is that branch or division of the doctrine of *res adjudicata* commonly referred to by text writers and courts as "Estoppel by Judgment," "Estoppel by Verdict," or "Conclusiveness of Verdict." That rule is—"When any fact, question or issue has been decided by a final judgment of a court of competent jurisdiction to determine such fact, question, or issue, all parties are forever bound by such determination in a subsequent suit or suits between the same parties or their privies, in the same or any other court, whether the causes of the action or subject matter are the same or different." The reason for the rule is that all litigation should have a timely end. The repose of society and the security of titles require that solemn judgments of courts be respected. The interests of

clients themselves are served by the salutary rule recognized by the courts of all civilized nations that a matter once litigated is forever litigated.

The fundamental principle of law applicable to the one and only question presented by this appeal is stated by two recognized authorities, as follows: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon either the same or a different cause of action." 34 Corpus Juris 868.

"A fact which has been directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or any other court, and that where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter suit, without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject matter, or whether or not it is the same form of proceeding." 15 Ruling Case Law 974.

We quote as follows from our own jurisdiction:

"There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, wherever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the

point comes incidentally in question in relation to a different matter, in the same or any other court, . . ." *Faught* v. *Faught* (1884), 98 Ind. 470, 472.

"The case is within the many authorities which have held that where the decision of a question of fact in issue was necessary to the decision of the case a judgment in favor of one of the parties to the action and against the other will be deemed a conclusive adjudication of such question of fact in all future actions between the same parties, whatever forms they may take." *Knotts* v. *Clark Construction Co.* (1921), 191 Ind. 354, 367, 131 N. E. 921.

"When a fact has once been in issue in an action between the parties whose rights it would affect, and has been decided by a final judgment of a court having jurisdiction, the decision is binding upon such parties, and the existence or non-existence of the fact, as so adjudged, must be deemed conclusively established in all future actions between them." *Bereolos* v. *Roth* (1924), 195 Ind. 425, 428, 145 N. E. 545.

The same doctrine was announced by the Supreme Court of the United States in the leading case of *Southern Pacific Railway Company* v. *United States* (1897), 168 U. S. 1, 48: "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

The Pike Circuit Court decided that the appellees here were not first and second cousins of Meredith and the

Daviess Circuit Court decided that they were. The judgment of the Pike Circuit Court had been rendered and became final before the appellees filed the petition herein in the Daviess Circuit Court. *Rodarmel et al.* v. *Gwinnup* (1931), 92 Ind. App. 684, 173 N. E. 327.

The appellees contend here that since this was a probate matter that the rule of *res adjudicata* is not applicable. Our Supreme Court has said, as we can see from the above quotation in *Knotts* v. *Clark Construction Co., supra,* that it is applicable whatever forms the future actions take, and our own court, in *United Oil and Gas Company* v. *Ellsworth* (1909), 43 Ind. App. 670, 88 N. E. 362, said that, "The courts will look to see if the issue affirmed on the one side and denied by the other was tried in a court of competent jurisdiction resulting in a judgment on the merits. If so, the matter becomes res adjudicata, regardless of whether the suit was in equity or was in an action at law." The same Court, in the case of *Van Camp* v. *City of Huntington* (1906), 39 Ind. App. 28, 78 N. E. 1057, said, "To constitute a former adjudication, it is not necessary that the form of action be the same in both cases. It is sufficient if the question in controversy has been once litigated between the same parties." There can be no doubt that this fact was determined by the Pike Circuit Court and, from the above authorities, our conclusion must be that merely because this second proceeding grew out of a probate matter is no reason why the former adjudication of the same fact should not be a bar to this action.

Our conclusion herein is further strengthened by the case of *Helea* v. *Verne* (1931), 343 Ill. 325, 331, 175 N. E. 562. Chief Justice Dunn of the Supreme Court of Illinois uses this language: "The plea sets up what is known as an estoppel by verdict, which arises when a particular material fact in any litigation has been determined in a former litigation between the same parties

or between parties with whom the parties to the subsequent litigation are in privity, in which that fact was also material to the issue. In such case the decision of the question in the former litigation is conclusive upon the parties in the later and also upon all persons in privity with them, and that question cannot be litigated again between the parties in that case or their privies in any subsequent action in the same court or any other court, whether the question arises upon the same or a different cause of action, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up."

The appellees contend that the assignment of error is not properly before this court for the reason that it is not properly signed by the appellants.

There are three separate and distinct specifications of error, in the first of which the executor assigns error in sustaining the demurrer to its second paragraph of answer, and in the second the Gwinnup and Springer groups did likewise, as did the Rodarmel group in the third assignment. Immediately following the three assignments appears the signature of the attorneys for all of the appellants. Under the authorities it seems to be clear that when the names of all the parties are set out in the title and the name of each appellant is set out in his separate assignment of error that the rules of this court have been complied with. Merely because the attorneys sign their names below all of the assignments of error and not immediately below the assignment of the parties for whom they are counsel can it be said that this is not a proper signing of said assignments? *Breyfogle et al.* v. *Stotsenburg, Trustee* (1897), 148 Ind. 552, 47 N. E. 1057; *Moorhouse* v. *Kunkalman et al.* (1912), 177 Ind. 471, 96 N. E. 600.

For the error of the court in sustaining the demur-

rers the judgment of the Daviess Circuit Court is reversed with instructions to overrule the separate demurrers to the answers and for further proceedings not inconsistent with this opinion.

Bridwell, J., not participating.